■ E. J. DAYTON, INC., Respondent-Appellant, v CHARLES V. BROCK et al., Appellants-Respondents, et al., Defendant.—In an action to foreclose a mechanic's lien, the defendants, Charles V. and Mary Jane Brock, appeal from so much of a judgment of the Supreme Court, Suffolk County (Luciano, J.), entered October 25, 1984, as, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $31,841.33, and the plaintiff purportedly cross-appeals from so much of the same judgment as is in favor of the defendants, Charles V. and Mary Jane Brock, in the principal sum of $1,500 upon their counterclaim.

Cross appeal dismissed as abandoned.

Judgment reversed insofar as appealed from by the defendants Charles V. and Mary Jane Brock, on the law and the facts, and new trial granted on the plaintiff's complaint as against them.

The appellants-respondents are awarded one bill of costs payable by the respondent-appellant.

The trial court did not err in failing to declare the mechanic's lien void. The appellants-respondents' claims do not support a determination of willful exaggeration *(see,* Lien Law § 39), but, rather, demonstrate honest differences in interpretation *(see, Howdy Jones Constr. Co. v Parklaw Realty,* 76 AD2d 1018, *affd* 53 NY2d 718).

While the court correctly determined that the plaintiff is entitled to recover on the basis of quantum meruit for the value of services and materials it supplied, the court erred in refusing to allow the appellants-respondents' expert witness to testify as to the value of the work performed by the plaintiff. Accordingly, we remit the matter for a new trial so that the appellants-respondents may have the opportunity to present such evidence. With respect to the question of whether the appellants-respondents ratified the performance of unauthorized work by the plaintiff, or the plaintiff's substitution of more expensive fixtures, we find that the trial court's generalization that Mr. Brock ratified "certain work" is overbroad and does not provide a basis upon which this court can evaluate the determination. Therefore, upon the new trial, the Judge should make specific findings as to each contested item.

Finally, since the aforementioned errors did not affect the trial court's determination that the appellants-respondents were entitled to a $5,000 setoff for their repair of defective work, that amount should be applied against the amount of damages, if any, awarded to the plaintiff upon the new trial. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.