■ BENJAMIN RICHMAN et al., Appellants-Respondents, v FEDERATED ADJUSTMENT COMPANY, Respondent-Appellant.—In an action to recover insurance broker's fees under an oral agreement, (1) the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Vitale, J., on decision; Spatt, J., on judgment), entered January 24, 1986, as after a nonjury trial, dismissed the first and third causes of action in the complaint, and (2) the defendant cross-appeals from so much of the same judgment as was in favor of the plaintiffs on the sixth cause of action in the principal amount of $8,990.80.

Ordered that the judgment is affirmed, insofar as appealed from, without costs or disbursements.

In an oral agreement, the plaintiffs, licensed insurance brokers, agreed to refer insurance claims to the defendant, a licensed public adjuster, for a fee of 50% of the sum earned by the defendant for adjusting the losses. The plaintiffs brought this action, *inter alia,* to recover their share of the fee received by the defendant in connection with the adjustment of a loss by Daleville Cablevision Inc. (hereinafter Daleville) in September 1975. The plaintiffs are the brokers of record for Cable Information Systems (hereinafter CIS), which had owned Daleville until June 1974 and which retained a security interest in the assets of Daleville. The defendant had previously adjusted losses for CIS. At the time of the loss in 1975, the plaintiffs were not the brokers of record for Daleville, and CIS had no operating authority over its former subsidiary.

Since this was a bench trial, this court can weigh the relative probative force of conflicting testimony and render the judgment it finds warranted, keeping in mind that the Trial Judge had the opportunity to assess the witnesses' credibility *(see, e.g., Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Matter of Fasano v State of New York,* 113 AD2d 885).* We agree with the Trial Judge's determination that the plaintiffs failed to establish that they were entitled to one half of the defendant's fee on the 1975 Daleville loss. The evidence supports the finding that

the defendant was contacted independently about the loss by CIS and by a public adjuster employed by Daleville's insurance carrier. The defendant was retained by Daleville's manager to adjust the loss. At the time of the Daleville loss, the plaintiffs were not entitled to a referral fee under the agreement since they were not Daleville's brokers and their client, CIS, had no authority to hire the defendant as an adjuster on behalf of Daleville.

The Trial Judge properly awarded the plaintiffs a judgment for their full share of the fee received by the defendant in connection with the adjustment of a loss suffered by Mid Island Department Stores in 1976. The evidence established that the plaintiffs were the brokers of record and the fee-splitting agreement was still in effect at the time of the loss.

The parties presented conflicting evidence with respect to whether the plaintiffs were the brokers of record for Kearns Manufacturing Co. at the time they referred a loss sustained by it to the defendant in 1974 and as to whether they expected a fee for that referral. Since the resolution of that issue depended on the Trial Judge's assessment of the witnesses' credibility, we will not disturb the court's determination that the plaintiffs were not entitled to share in the defendant's fee (see, e.g., Patten v Nagy, 99 AD2d 801). Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.