■ PRATT GENERAL CONTRACTORS, Respondent-Appellant, v SHELBY H. TRAPPEY et al., Appellants-Respondents, et al.,

Defendants.—In an action to recover damages for breach of contract and to foreclose a mechanic's lien, the defendants Shelby H. Trappey and Eleanor M. Trappey appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered August 14, 1989, as, upon a decision after a nonjury trial that the plaintiff was entitled to judgment in the principal sum of $211,105, and upon the granting of a posttrial motion to set aside the decision to the extent that the plaintiff was awarded the principal sum of $135,341, is in favor of the plaintiff and against the defendants in the principal sum of $135,341, and the plaintiff cross-appeals from so much of the same judgment as awarded it the principal sum of only $135,341.

Ordered that the judgment is modified by (1) deleting from the second decretal paragraph thereof the words "and further reductions of $30,764", and (2) deleting from the sixth decretal paragraph thereof the sum of $135,341 and substituting therefor the sum of $163,805; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The court properly determined that the defendants wrongfully terminated their contract with the plaintiff. The court's finding was made after considering the defendants' inconsistent reasons for the termination and we find no reason to disturb that finding on appeal (see, Amend v Hurley, 293 NY 587, 594; Mirasola v Gilman, 163 AD2d 371; Richman v Federated Adj. Co., 134 AD2d 582).

The defendants contend that since they spent $556,979.48 to complete the project after they terminated their contract with the plaintiff, that sum should be used in reducing the plaintiff's damages in accordance with the formula set forth in New Era Homes Corp. v Forster (299 NY 303, 307), which awards as damages the contract price less amounts paid by the defendants, less the defendants' cost to complete the project. We disagree. Here, in spending over $500,000 to complete the project, the defendants made expenditures which were clearly not within the scope of their contract with the plaintiff. Therefore, they cannot use this inflated figure to reduce the calculation of the plaintiff's damages (see, Grimpel v Hochman, 74 Misc 2d 39, 47), and the court's acceptance of a significantly lesser sum was appropriate. However, the defendants correctly assert that the trial court failed to credit them with payments of $2,300 which they made in furtherance of the project and the judgment is modified accordingly.

The trial court did not err by refusing to declare the

plaintiff's mechanic's lien void. The evidence supports the court's determination that the plaintiff did not intentionally and deliberately exaggerate the amount for which it claimed a lien *(see,* Lien Law § 39; *Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550, 552; *E.J. Dayton, Inc. v Brock,* 120 AD2d 560; *Howdy Jones Constr. Co. v Parklaw Realty,* 76 AD2d 1018, *affd* 53 NY2d 718).

Regarding the plaintiff's cross appeal, we find that the court erred by reducing the damage award by $30,764, the amount by which the plaintiff overstated its mechanic's lien. In calculating the plaintiff's damages for breach of contract, the court correctly used the formula set forth in *New Era Homes Corp. v Forster (supra,* at 307). However, since the lien amount has no relevance to this formula, the court should not have deducted the overstatement from the damages award and we amend the judgment to reflect the proper sum that should have been awarded in favor of the plaintiff.

We have considered the parties' remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.