■ Francis J. Paolangeli, Doing Business as Paolangeli Contractors, Respondent, v Richard B. Thaler, Appellant.— Mercure, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered October 1, 1991 in Tompkins County, upon a decision of the court in favor of plaintiff.

Plaintiff was the excavation contractor for a project at Cayuga Mall in the Village of Lansing, Tompkins County. Defendant owned a 67-acre proposed residential subdivision in the Town of Lansing, located approximately three miles from the mall. It is uncontroverted that plaintiff required a dump site for soil excavated from a retention pond at the mall and that defendant was willing, if not anxious, to have the soil deposited on his property. Although there is some disagreement as to how the contact was initiated, it is undisputed that plaintiff and James Stevenson, defendant's agent, had a discussion in late November or early December 1985 concerning the placement of the soil on defendant's property. The two visited the site, and plaintiff explained that he already had a closer and more convenient dump site and that if he was to haul the soil to defendant's property, defendant would have to reimburse plaintiff for his increased costs, including the expense of additional trucks and equipment to maintain the site. Stevenson subsequently communicated plaintiff's conditions to defendant, and plaintiff was directed to begin dumping the soil.

By plaintiff's calculation, between December 9, 1985 and March 4, 1986 he trucked 11,796 cubic yards of soil to defendant's property at an additional cost of $16,163.94, including the cost of extra trucks, earth-moving equipment at the dump site and the placement of shale and tailings on the roadway into the property. Upon defendant's refusal to pay plaintiff's invoice in that amount, plaintiff commenced this action, alleging causes of action sounding in express contract and quantum meruit. Following a nonjury trial, Supreme Court rendered a decision in favor of plaintiff on the latter theory, and defendant now appeals.

We affirm. Defendant's primary contention on appeal is that plaintiff failed to establish all of the elements of a quantum meruit cause of action, i.e., "(1) the performance of the services in good faith; (2) the acceptance of the services by the

person to whom they are rendered; (3) an expectation of compensation therefor; and (4) the reasonable value of the services" *(Umscheid v Simnacher,* 106 AD2d 380, 382-383). Initially, we reject the argument that, because defendant did not anticipate that he would be charged for the delivery of soil to his property, plaintiff failed to establish "an expectation of compensation" for plaintiff's services. The contention is premised upon defendant's trial testimony that he did not authorize Stevenson to bind him to pay for the soil or the cost of trucking it. Rather, "[t]he only thing [he] committed to was if it was necessary to have extra trucks based on the fact that they were going to be delivering out to [defendant's property], that [defendant] would pay for it if [he] knew what the trucking cost was to be". However, defendant's testimony was directly refuted by Stevenson, who acknowledged that "[defendant] never asked [him] to give [defendant] advance warning or notice that extra trucks would be used", and it is undisputed that no such proviso was ever communicated to plaintiff in any event. Under the circumstances, the evidence provides abundant support for a finding that it was mutually understood that plaintiff would be compensated *(see, Shapira v United Med. Serv.,* 15 NY2d 200, 210; *Aluminum Fair v Abdella,* 90 AD2d 603, *lv denied* 58 NY2d 606).

Also meritless is the claim that plaintiff failed to prove the reasonable value of his services. Plaintiff and his trucking subcontractor, Robert Shaw, maintained detailed daily records of the total number of trucks utilized, the number necessitated by the distance to defendant's property and the number of hours each was operated. On most days, three trucks were charged to plaintiff's job and two additional trucks were charged to defendant, precisely the number predicted by plaintiff at the time of his meeting with Stevenson. Considering that, absent defendant's request that the soil be trucked to his property, plaintiff's alternative was a far more accessible dump site directly across the street from the mall, plaintiff's allocation of trucks to defendant is by no means unreasonable. In addition, plaintiff kept detailed records of the heavy equipment used on defendant's property to maintain the roadway and move the soil which had been deposited. The testimony of plaintiff and Shaw provided more than ample support for Supreme Court's finding that, absent such equipment, dumping could not have continued for more than one hour.

Finally, we reject the contention that defendant was prejudiced by plaintiff's failure to timely produce a copy of the contract with the mall owner for excavation of the retention

pond. In our view, the document was irrelevant to the issues presented at trial.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.