■ Douglas C. Clark et al., Individually and Doing Business as Clark Engineering, Respondents-Appellants, v J. Arthur Torian, Appellant-Respondent. [625 NYS2d 370] —Mercure, J. P. Cross appeals from a judgment of the Supreme Court (Klein, J.H.O.), entered December 21, 1993 in Columbia County, upon a decision of the court in favor of plaintiffs.

Plaintiffs brought this action to recover $5,369.10, alleged to be the agreed price and reasonable value of engineering services provided to defendant in connection with his efforts to obtain Planning Board approval for a proposed subdivision in the Town of Brunswick, Rensselaer County. Following a non-jury trial, Supreme Court rendered judgment in favor of plaintiffs in the amount of $2,467.60, representing plaintiff's charge for 60.5 hours of work at the stipulated rate of $40 per hour and an additional $47.60 in mileage and expenses. The parties cross-appeal.

We affirm. Even accepting the premise that plaintiffs failed to establish an express agreement with defendant, we reject defendant's contention that this deficiency bars plaintiffs' recovery. Although no model of clarity, plaintiffs' second cause of action placed defendant on notice of their alternate claim for the fair market value of their services upon the theory of quantum meruit *(see,* CPLR 3013, 3026), and we conclude that, with regard to the 60.5 hours of work for which Supreme Court granted judgment, plaintiffs sufficiently established the necessary elements of (1) performance of services in good faith, (2) acceptance of the services by the person for whom they were rendered, (3) an expectation of compensation, and (4) the reasonable value of the services performed *(see, Paolangeli v Thaler,* 187 AD2d 881, 881-882).

As for plaintiffs' cross appeal, we reject the contention that Supreme Court "overlooked" plaintiffs' March 23, 1987 invoice in the amount of $2,300, received in evidence as plaintiffs' exhibit 18. Plaintiffs' invoices represented the only trial evidence of the number of hours of engineering services actually performed, and this particular invoice contained no statement of the hours expended. As such, Supreme Court properly

rejected the charges on the March 23, 1987 invoice as unsupported by the evidence.

The parties' additional contentions have been considered and found to lack merit.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.