■ BARDEN & ROBESON CORPORATION, Respondent, v HENRY P. Czyz et al., Appellants. [665 NYS2d 442] —Mikoll, J. Appeal from a judgment of the Supreme Court (Duskas, J.H.O.), entered November 4, 1996 in St. Lawrence County, upon a decision of the court in favor of plaintiff.

Plaintiff seeks enforcement against defendants of a lien for their purchase of a preengineered house package for $39,591.45 sold by its agent, Peter McKee, and to hold them liable for a construction loan for $74,000 from Milo Corporation for which loan plaintiff signed a commitment letter after defendants Henry P. Czyz and Vickie Beamis received a conditional commitment from Hartford Funding for a permanent mortgage. Czyz and Beamis signed a contract to purchase the house package whose acceptance was conditioned on approval by plaintiff. Plaintiff's vice-president, Mark Barden, approved the contract in October 1993 and inserted a purchase price of $39,591.45. Upon its approval, Czyz and Beamis hired McKee to serve as their general contractor in building the home on property McKee deeded to them. After the building loan commitment was

made by Milo Corporation, defendants ordered delivery of the building kits from plaintiff. The first two of three kits were shipped and McKee commenced construction. When Czyz and Beamis failed to make any payments, plaintiff filed a mechanic's lien for the full purchase price. The third building kit arrived some time later.

In March 1994, Czyz and Beamis transferred all rights, title and interest in the property and house to defendant Weno, Inc. (partially owned by McKee) in exchange for a promise from Weno, Inc. to indemnify them for all claims affecting the property. Plaintiff commenced suit for enforcement of its liens and for breach of contract.* Defendants answered and interposed several counterclaims. Supreme Court, in a nonjury trial, determined that Czyz and Beamis ratified the contract to purchase the prefabricated home by accepting the first delivery of building materials and by authorizing McKee to begin construction. Plaintiff was awarded $38,675.95 on its lien with interest from July 1, 1995. The sum of $1,223.50 was deducted from plaintiff's lien amount for an undelivered garage door, a microlam beam and kitchen countertops. The court also found that defendants never received permanent financing of an amount sufficient to meet their obligations under the sales contract with plaintiff, to cover the interest that accrued on the building construction loan and closing costs, and that they properly declined to close the deal.

On this appeal defendants contend that McKee was plaintiff's agent and that plaintiff, through McKee, misled Czyz and Beamis into believing that they needed only $645 in cash to close the deal for the home and that they detrimentally relied on these misrepresentations. Supreme Court rejected such contention and granted judgment to plaintiff.

Parties dealing with an agent do so at their peril and must make the necessary effort to discover the agent's actual authority (see, Legal Aid Socy. v Economic Opportunity Commn., 132 AD2d 113, 115). Here, plaintiff expressly limited McKee's authority in the sales contract. Based on its language, McKee did not have authority to bind plaintiff contrary to its terms or by oral representations. Supreme Court thus properly rejected defendants' contention that their commitment was only for a cash output on their part of only $645. The court also rejected ·

---

* Initially, defendants failed to appear in the action which resulted in a default judgment against them. The property was then sold at a foreclosure sale. Defendants then moved to reopen the default. Supreme Court granted their motion and directed them to reimburse plaintiff the amount it had spent on the foreclosure sale.

defendants' contention that they did not authorize McKee to act as general contractor to build the house. Such holding is supported in the record by proof of the existence of an agreement in which defendants hired McKee to construct the house for $33,868.48. Other evidence indicates that defendants ordered the building materials after their building loan was approved by Milo Corporation, that the house was in fact built by McKee and that it is in defendants' hands.

Supreme Court rejected defendants' contention that plaintiff willfully exaggerated its mechanic's lien in violation of Lien Law § 39. A determination of willful exaggeration requires proof that the lienor deliberately and intentionally exaggerated the lien amount (*see, Pratt Gen. Contrs. v Trappey*, 177 AD2d 566). Although the lien amount included goods which had not yet been shipped, plaintiff testified that it was bound to supply these and did so in fact. Supreme Court found that no willful exaggeration of the lien was involved. Supreme Court's ruling should stand (*see, Bibeau v Ward*, 228 AD2d 943, *lv denied* 89 NY2d 804).

Finally, Supreme Court made credibility determinations in reaching its decision that Czyz and Beamis had not received permanent financing. We defer to the trial court's assessment of credibility issues. Supreme Court's decision that the mortgage contingency was not met and that Czyz and Beamis' performance under the contract was excused was proper (*see, Cone v Daus*, 120 AD2d 788, 789).

Cardona, P. J., Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.