■ EDWARD TESSER, Appellant, v ALLBORO EQUIPMENT COMPANY et al., Respondents. [756 NYS2d 253] —In an action, inter alia, to recover damages for breach of contract and wrongful discharge, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated March 26, 2002, as granted that branch of

the defendants' motion which was to dismiss the third cause of action sounding in quantum meruit for failure to state a cause of action, denied those branches of his cross motion which were for summary judgment on the issue of liability on that cause of action and on the fifth cause of action sounding in unjust enrichment, and to dismiss the defendants' second counterclaim and first and sixth affirmative defenses.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion which was to dismiss the third cause of action and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion which was to dismiss the affirmative defense of lack of personal jurisdiction and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff Edward Tesser is the husband of the defendant Linda Tesser, who was a one-third partner in the defendant Allboro Equipment Company. The other two partners in Allboro are Linda's father, the defendant Irving Vichinsky, and her brother, the defendant Neal Vichinsky. The plaintiff, who worked full-time for the State of New York, claimed that for a number of years he performed services for the defendants' partnership with the "understanding" that he would be compensated in the future. When disagreements arose between Linda and her father, the plaintiff's services were terminated. After a proceeding that Linda brought to dissolve the partnership was settled with a $900,000 payment to Linda, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and wrongful discharge.

The Supreme Court incorrectly dismissed the third cause of action sounding in quantum meruit for failure to state a cause of action. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint must be construed most favorably to the plaintiff (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). To state a cause of action to recover in quantum meruit, the plaintiff must allege (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services allegedly rendered (see Umscheid v Simnacher, 106 AD2d 380, 382-383 [1984]; Matter of Adams, 1 AD2d 259 [1956], affd 2 NY2d 796 [1957]).

The third cause of action pleads all of these elements. The

Supreme Court dismissed this cause of action due to the absence of an express agreement pertaining to compensation. This was error because the existence of an express agreement ordinarily precludes recovery in quantum meruit (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388 [1987]; *Bradkin v Leverton,* 26 NY2d 192, 196 [1970]). Indeed, the Supreme Court's dismissal of the quantum meruit cause of action conflicted with its denial of that branch of the motion which was to dismiss the unjust enrichment claim (*see Clark-Fitzpatrick, Inc. v Long Is. R.R., supra* at 388 [describing quantum meruit as "a legal obligation imposed in order to prevent a party's unjust enrichment"]).

The Supreme Court erred in declining to dismiss the affirmative defense of lack of "personal jurisdiction over the answering defendant" asserted in the separate answers of "Neil Vichinsky, individually and as a partner of Allboro Equipment Company" and of "Irving Vichinsky, individually and as a partner of Allboro Equipment Company." The Supreme Court overlooked the absence of any opposition to that branch of the plaintiff's cross motion which was to dismiss the defense.

The plaintiff's remaining contentions are without merit. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.