■ PAUL F. VITALE, INC., Respondent, v PARKER's GRILLE, INC., et al., Appellants. [803 NYS2d 872]—

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered December 17, 2004. The order, after a nonjury trial, awarded judgment in favor of plaintiff and against defendants in the amount of $10,452.28 plus interest.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff, a construction contractor, commenced this action alleging that defendants, the owners of a commercial building, failed to pay plaintiff for demolition work performed pursuant to an alleged oral contract. Following a bench trial, Supreme Court determined that there had been no meeting of the minds between the parties concerning the cost of the work but that plaintiff nonetheless was entitled to recover the sum of $10,452.28 on a theory of quantum meruit. Defendants' sole contention on appeal is that plaintiff failed to establish that the amount charged to defendants was the fair and reasonable value of the services rendered, as required for recovery in quantum meruit (*see Landcom, Inc. v Galen-Lyons Joint Landfill Commn.*, 259 AD2d 967, 968 [1999]; *Heller v Kurz*, 228 AD2d 263 [1996]; *Moors v Hall*, 143 AD2d 336, 337-338 [1988]). We reject that contention. The court properly determined the fair and reasonable value of plaintiff's services based on evidence concerning the amount that plaintiff had billed defendants for such services (*see United Bldg. Maintenance Assoc., Inc. v 510 Fifth Ave. LLC*, 18 AD3d 333 [2005]) and the amount that a subcontractor had billed plaintiff for the subcontractor's services. We thus conclude that the evidence of the value of plaintiff's services is sufficient to support the court's award of damages to plaintiff in quantum meruit (*see id.; MMG Group v Planned Mgt. Constr. Corp.*, 294 AD2d 284 [2002]) and that "[e]quity requires that plaintiff recover for its services in quantum meruit in order to avoid the unjust enrichment of defendants at its expense" (*Curtis Props. Corp. v Greif Cos.*, 236 AD2d 237, 239 [1997]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.