**CAPITAL HEAT, INC.**, Respondent, v **GERALD A. BUCHHEIT, JR.**, Appellant. (Appeal No. 1.) [848 NYS2d 481]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Christopher J. Burns, J.), entered June 1, 2006. The order and judgment, following a nonjury trial, awarded plaintiff the sum of $9,540 plus interest and costs against defendant.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that defendant failed to pay for the heating and cooling services that it performed at his residence. Defendant appeals from an order and judgment awarding plaintiff, following a nonjury trial, the principal sum of $9,540. Contrary to the contention of defendant, the complaint sufficiently placed him on notice that plaintiff was seeking recovery based upon quantum meruit, rather than breach of contract, by alleging that defendant owed plaintiff the reasonable price and value of the heating and cooling services (*see Clark v Torian*, 214 AD2d 938 [1995]). Consequently, the absence of a written agreement between plaintiff and defendant does not bar recovery in quantum meruit (*see Precision Founds. v Ives*, 4 AD3d 589, 591 [2004]; *Frank v Feiss*, 266 AD2d 825 [1999]).

Also contrary to defendant's contention, Supreme Court's determination that plaintiff was entitled to recover in quantum meruit from defendant for its services is supported by a fair interpretation of the evidence (*see generally Precision Founds.*, 4 AD3d at 591-592; *Frank*, 266 AD2d 825 [1999]). "In order to make out a cause of action in quantum meruit or quasi contract, a plaintiff must establish (1) the performance of services in good faith; (2) the acceptance of those services by the person to whom they are rendered; (3) an expectation of compensation therefor; and (4) the reasonable value of the services" (*Landcom,*

*Inc. v Galen-Lyons Joint Landfill Commn.*, 259 AD2d 967, 968 [1999]; *see Heller v Kurz*, 228 AD2d 263, 264 [1996]). Here, defendant did not dispute that plaintiff performed the heating and cooling work in good faith or that the work was of acceptable quality. By issuing invoices, plaintiff established an expectation that it would be paid for its services, and the invoices established the reasonable value of those services (*see Paul F. Vitale, Inc. v Parker's Grille, Inc.*, 23 AD3d 1147 [2005], *lv denied* 6 NY3d 707 [2006]; *United Bldg. Maintenance Assoc., Inc. v 510 Fifth Ave. LLC*, 18 AD3d 333 [2005]). We further reject the contention of defendant that plaintiff was a subcontractor of the general contractor hired by defendant to perform renovation work on his residence and that plaintiff therefore should have sought payment from the general contractor. Although "it is a firmly established principle that a property owner who contracts with a general contractor does not become liable to a subcontractor on a quasi contract theory unless it expressly consents to pay for the subcontractor's performance" (*Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550, 551 [1989]; *see Contelmo's Sand & Gravel v J & J Milano*, 96 AD2d 1090 [1983]), here, the parties presented conflicting testimony on the issue whether defendant in fact hired a general contractor as opposed to a project manager. We conclude that a fair interpretation of the evidence supports a finding that defendant did not hire a general contractor (*see R.G. Egan Equip., Inc. v Polymag Tek, Inc.*, 13 AD3d 1130 [2004]). Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.