■ John E. Wehrum, Respondent, v Thomas A. Illmensee, Appellant. [902 NYS2d 607]—

In an action, inter alia, to recover damages in quantum meruit, the defendant appeals from a judgment of the Supreme Court, Nassau County (Diamond, J.), dated February 2, 2009, which, upon a decision of the same court dated January 9, 2009, made after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $182,500.

Ordered that the judgment is modified, on the law and on the facts, by reducing the principal sum awarded to the plaintiff from the principal sum of $182,500 to the principal sum of $17,500; as so modified, the judgment is affirmed, without costs or disbursements.

In this action, the plaintiff seeks to recover a portion of a legal fee awarded to the defendant, who served as attorney for the plaintiff's brother, James Wehrum (hereinafter James), in an action to recover damages for personal injuries (hereinafter the underlying action). On November 1, 1996, James was riding his bicycle to work when Scott Lyle, the driver of an automobile, struck his bicycle in the rear, causing him to sustain serious personal injuries.

The defendant was James's attorney of record in the underly-

ing action against Lyle. After a jury verdict was returned awarding James damages in the sum of $1,400,000, James was awarded the sum of $2,500,000 pursuant to a high-low agreement, and the defendant, as attorney of record, was awarded his contingency fee from that sum. In this action, the plaintiff claimed he is entitled to $275,000 of the defendant's fee, based upon a contract between the plaintiff and the defendant, or in the alternative, in quantum meruit.

After a nonjury trial, the Supreme Court, in its decision, noted that the plaintiff kept no time records, and that although the plaintiff attended many court appearances, he never did so as counsel, but only to provide support for his brother. The Supreme Court noted that "[t]he line between plaintiff acting as brother or counselor becomes extremely blurred at times." The Supreme Court found that the cause of action sounding in breach of contract was subject to dismissal on the ground that there was no enforceable contract. On the theory of quantum meruit, the Supreme Court awarded the plaintiff the principal sum of $165,000 for renegotiating a high-low agreement at the trial, whereby it was agreed that the low figure would be raised from $2,000,000 to $2,500,000, and the sum of $17,500 for reviewing documents, attending conferences, and "assisting with the Lyle plea in criminal court," whereby Lyle pleaded guilty to a nonintentional offense which would allow James to recover from Lyle's insurance carrier.

The authority of this Court to review findings of fact after a nonjury trial is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *O'Brien v Dalessandro*, 43 AD3d 1123 [2007]). Exercising that authority, we conclude that the award of $165,000 to the plaintiff for negotiating the high-low agreement was contrary to the weight of the credible evidence.

Since there was no enforceable contract here, the plaintiff could recover in quantum meruit (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Tesser v Allboro Equip. Co.*, 302 AD2d 589, 591 [2003]). The elements of a cause of action sounding in quantum meruit are (1) performance of services in good faith, (2) acceptance of services by the person to whom they are rendered, (3) expectation of compensation therefor, and (4) reasonable value of the services rendered (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 19 [2008]).

With respect to the high-low agreement, another attorney, who was paid the sum of $50,000 for his services, negotiated the initial high-low agreement with $2,000,000 as the low figure. The plaintiff acknowledged in his trial testimony that the defendant did not ask him to renegotiate that agreement, and specifically told him not to renegotiate the agreement. The plaintiff, stating "this is about my brother," ignored that request. Since the plaintiff's services were not requested, explicitly or implicitly, he cannot recover in quantum meruit (*see Kirell v Vytra Health Plans Long Is., Inc.*, 29 AD3d 638, 639 [2006]; *JLJ Recycling Contrs. Corp. v Town of Babylon*, 302 AD2d 430, 431 [2003]).

However, the award of $17,500 was justified by the evidence in the record of the plaintiff's legal services which were accepted by the defendant in the assisting with the criminal court matter.

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30098(U).]**