■ Brennan Beer Gorman/Architects, LLP, Respondent-Appellant, v Cappelli Enterprises, Inc., et al., Appellants-Respondents. [925 NYS2d 25]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 18, 2010, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the first through sixth causes of action of the amended complaint and plaintiff's cross motion for summary judgment on its breach of contract causes of action,

unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the first through fifth causes of action of the amended complaint, and otherwise affirmed, without costs.

On May 19, 2008, plaintiff submitted a proposal for architectural and engineering services to defendants relating to a proposed casino resort project (the project). Four days later, plaintiff informed defendants that it was still "working on a formal agreement," but nonetheless asked defendants to provide authorization to proceed. Defendants authorized plaintiff to start working, but expressly noted that plaintiff's "proposal and associated pricing" were "still under review and . . . subject to a formal agreement." Although plaintiff proceeded to work on the project, the parties continued to exchange contract drafts and comments for several months, never coming to an express agreement on price and other terms. It is thus evident on this record that the parties' minds never met on the material terms of their agreement, including price (see *Yenom Corp. v 155 Wooster St. Inc.*, 23 AD3d 259, 259-260 [2005], *lv denied* 6 NY3d 708 [2006]). Accordingly, defendants are entitled to summary judgment dismissing plaintiff's first and third causes of action for breach of an express contract.

Defendants are also entitled to summary judgment dismissing plaintiff's fourth cause of action for breach of an implied contract. As noted, the record establishes that the parties never reached an express agreement on the material term of price. Moreover, defendants' statement that they would be bound only by a formal agreement and their repeated rejection of plaintiff's proposal for lump-sum pricing overrides their act of paying plaintiff's August 2008 invoice, which billed for work performed in June 2008 on a lump-sum basis (see *Jordan Panel Sys. Corp. v Turner Constr. Co.*, 45 AD3d 165, 179 [2007]).

Defendants' consistent objections to plaintiff's invoices requires dismissal of the fifth cause of action for an account stated (*cf. Herrick, Feinstein v Stamm*, 297 AD2d 477, 478-479 [2002]).

Because plaintiff's express and implied contract claims should be dismissed, plaintiff's second cause of action for attorneys' fees should also be dismissed, as that claim is premised exclusively on the attorneys' fees provision contained in plaintiff's May 2008 proposal.

Supreme Court properly declined to dismiss plaintiff's sixth cause of action for quantum meruit, since triable issues of fact exist as to whether plaintiff could have reasonably expected to be compensated for its services and the reasonable value of

those services (*see generally Fulbright & Jaworski, LLP v Carucci*, 63 AD3d 487, 488-489 [2009]). Although the parties never reached an agreement on price, the record indicates that defendants acknowledged the need to pay plaintiff at least some amount for its services. Indeed, on July 3, 2008, defendants directed plaintiff to bill "for now on a [time and materials] basis until we have reached conclusion on the contract," and, on August 18, 2008, defendants asked plaintiff to prepare a summary of spending and payment status, noting that they wanted "to make sure we are staying current."

We reject defendants' contention that plaintiff cannot establish that defendants benefitted from plaintiff's services. The plaintiff asserting a valid claim in quantum meruit "recovers the reasonable value of his performance whether or not the defendant in any economic sense benefitted from the performance" (*Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 484 [1991] [internal quotation marks omitted]).

We also reject defendants' contention that plaintiff cannot establish the reasonable value of its services because it did not maintain itemized billing records detailing how it spent the asserted 5,800 man-hours of work. There are other means of establishing the reasonable value of services rendered, including the plaintiff's invoices and evidence of the number of hours of service rendered (*see Paul F. Vitale, Inc. v Parker's Grille, Inc.*, 23 AD3d 1147 [2005], *lv denied* 6 NY3d 707 [2006]; *Clark v Torian*, 214 AD2d 938, 938 [1995]), both of which are available in the record. Moreover, plaintiff has submitted the affidavit of a licensed architect who, based on his review of the record, opined that plaintiff's schematic design work had a fair market value of at least $1.3 million.

We note that, on appeal, plaintiff does not seek summary judgment on its quantum meruit claim. In any event, we find that plaintiff is not entitled to such relief due to unresolved issues of material fact. We further note that defendants make no argument with respect to plaintiff's seventh cause of action for a declaratory judgment. Concur—Tom, J.P., Saxe, Moskowitz, Acosta and Abdus-Salaam, JJ.