■ Stephen Evans-Freke, Respondent, v Showcase Contracting Corp., Appellant, et al., Defendant. (And Related Actions.) [926 NYS2d 140]—

In an action, inter alia, to recover damages for breach of contract, the defendant Showcase Contracting Corp. appeals from so much of a judgment of the Supreme Court, Orange County (Pano Z. Patsalos, J.), dated March 10, 2010, as, after a nonjury trial on the plaintiff's cause of action to recover damages for breach of contract and its fourth counterclaim to re-

cover in quantum meruit, is in favor of the plaintiff in and against it in the principal sum of $47,258.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended judgment in accordance herewith.

The plaintiff hired the defendant Showcase Contracting Corp. (hereafter Showcase) to perform renovation and restoration work on his residence, pursuant to a written agreement dated August 20, 1999 (hereinafter the agreement). The agreement contained such agreed upon terms as hourly labor rates, and provided for overhead and profit markups of 10% and 5%, respectively. However, the agreement did not specify the full scope of work to be performed. Showcase worked on the project for approximately three years, during which time the plaintiff was billed for the work. Despite paying approximately $6.5 million to Showcase, the plaintiff became delinquent in his payments in the sum of $1,350,084. On October 24, 2004, the plaintiff terminated the agreement and commenced this action alleging, inter alia, that Showcase overbilled him and performed the work poorly. Showcase counterclaimed to recover the balance it was owed under the alternative theories of breach of contract and quantum meruit. Showcase later conceded that the agreement was unenforceable because it violated General Business Law § 771 and, therefore, it was relegated to recovery in quantum meruit. Following a nonjury trial, the trial court rejected the plaintiff's claims pertaining to, among other things, poor workmanship, and found that the hourly rates charged by Showcase were fair and reasonable, and that its invoices were not the result of overbilling. The trial court determined that it was required to apply an actual-cost-of-labor analysis to the reasonable-value-of-services element of Showcase's quantum meruit counterclaim, resulting in an overpayment by the plaintiff to Showcase in the principal sum of $47,258. On appeal, Showcase contends, among other things, that the trial court applied the wrong measure of quantum meruit recovery.

. The elements of a cause of action sounding in quantum meruit are (1) performance of services in good faith, (2) acceptance of services by the person to whom they are rendered, (3) expectation of compensation therefor, and (4) reasonable value of the services rendered (*see Wehrum v Illmensee*, 74 AD3d 796, 797 [2010]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 19 [2008]).

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial

court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 81 AD3d 763, 764 [2011], *lv granted* 2011 NY Slip Op 75138 [2011]). Exercising that power, we find, contrary to the trial court's determination, that under the unique circumstances of this case, the trial court was not required to apply an actual-cost-of-labor analysis in determining the reasonable value of Showcase's services. The reasonable value of Showcase's services was established by the previously agreed upon hourly labor rates, which, according to the undisputed trial evidence, were within the industry standard, were lower than the rates charged by Showcase's replacement, and were supported by the invoices admitted at trial (*see Paul F. Vitale, Inc. v Parker's Grille, Inc.*, 23 AD3d 1147 [2005]; *United Bldg. Maintenance Assoc., Inc. v 510 Fifth Ave. LLC*, 18 AD3d 333 [2005]; *Frank v Feiss*, 266 AD2d 825 [1999]; *see also Capital Heat, Inc. v Buchheit*, 46 AD3d 1419 [2007]). Accordingly, on remittal, Showcase is entitled to judgment in its favor and against the plaintiff on its fourth counterclaim for recovery in quantum meruit, in the principal sum of $1,350,084, plus statutory interest from October 24, 2002.

Showcase's remaining contentions are without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.