OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the sum of $9,920 for child care services provided to defendant’s foster child. Defendant commenced a third-party action against Little Flower Children and Family Services of New York, the agency responsible for monitoring defendant’s foster child, asserting that it should reimburse defendant “for childcare expenses and payments.” After a nonjury trial, a judgment was entered awarding plaintiff the principal sum of $5,580, representing the reasonable value of the child care services provided to defendant over the course of 62 weeks, and dismissed the third-party complaint.
While plaintiff failed to proffer any evidence of a fee agreement between the parties for the child care services plaintiff provided to defendant’s foster child, plaintiff could recover in quantum meruit (see Wehrum v Illmensee, 74 AD3d 796, 797 [2010]; Tesser v Allboro Equip. Co., 302 AD2d 589, 591 [2003]). “The elements of a cause of action sounding in quantum meruit are (1) performance of services in good faith, (2) acceptance of services by the person to whom they are rendered, (3) expectation of compensation therefor, and (4) reasonable value of the services rendered” (Wehrum v Illmensee, 74 AD3d at 797). In the case at bar, neither party disputed the fact that plaintiff had *83 rendered child care services at defendant’s request with the expectation that she would be paid and that defendant had accepted plaintiffs services by continuing to bring her foster child to plaintiffs child care facility on a weekly basis over the course of approximately 16 months. Defendant cannot be heard to challenge the Civil Court’s finding that $90 per week constituted the reasonable value of the services rendered, as defendant herself testified that this amount was the reasonable value. Moreover, the Civil Court did not accept defendant’s testimony with respect to whether she had, in fact, paid plaintiff $90 per week throughout the entire time her foster child attended plaintiffs facility (Oct. 23, 2007-Feb. 13, 2009), a credibility determination to which we afford great deference on appeal. As a result, we find no basis to disturb the Civil Court’s award to plaintiff in the principal sum of $5,580.
We further find that the Civil Court properly dismissed the third-party complaint because the third-party defendant had no duty “to complete the appropriate forms requesting [Administration for Children’s Services] approval” or arrange for child care service payments. It is the foster parent’s responsibility to apply for subsidized child care services (see 18 NYCRR 415.3 [a]) and provide “accurate, complete and current information . . . related to the family’s eligibility for child care services” (18 NYCRR 415.3 [b]).
Defendant’s remaining contentions are either without merit or dehors the record. Accordingly, the judgment is affirmed.
Rios, J.P., Pesce and Aliotta, JJ., concur.