Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 26, 2012, which, after a bench trial, granted defendants’ motion for judgment pursuant to CPLR 4401 dismissing plaintiff’s complaint, unanimously affirmed, with costs.
Plaintiff failed to meet its burden of showing that there was a meeting of the minds as to the terms of a joint venture, or even that a joint venture was contemplated (see Matter of Steinbeck v Gerosa, 4 NY2d 302, 317-318 [1958], appeal dismissed 358 US 39 [1958]). Indeed, the record is filled with lengthy, handwritten, sometimes illegible documents by Donald Ferrarini, who had no authority to bind plaintiff to any contract. Moreover, the documents were written by Donald from his prison cell and thus had to be based only on his recall, as he was not allowed to give or receive documents from visitors. The record contains multiple versions of what plaintiff asserts to be the alleged joint venture agreement (also handwritten), yet not one of these documents is signed by both parties. As found by the trial court, the various versions of the agreements are oddly numbered, sometimes missing pages, and missing clauses plaintiff asserts were both material and agreed upon. Further, as also found by the trial court, the testimony of plaintiffs witnesses, who were all self-interested and sometimes gave patently unbelievable testimony, did not tend to cure the deficiencies in the documentary evidence.
The same failures that prevent plaintiff from showing an express contract prevent it from showing an implied contract (see Brennan Beer Gorman/Architects, LLP v Cappelli Enters., Inc., 85 AD3d 482, 483 [1st Dept 2011]).
*572 We have considered plaintiffs remaining arguments and find them unavailing.
Concur—Tom, J.E, Sweeny, Saxe, Román and Feinman, JJ.