L. SCOTT JOHNSON, Appellant, v BRYAN ROBERTSON et al., Respondents, et al., Defendant. [15 NYS3d 457]—

In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Walker, J.), entered September 6, 2013, which, upon a decision of the same court dated August 31, 2012, made after a nonjury trial, inter alia, is in favor of the defendants Bryan Robertson and Robertson Contracting and against him dismissing the complaint insofar as asserted against those defendants, and in the principal sum of $555,609.86 on the counterclaim of those defendants against him to foreclose on a mechanic's lien.

Ordered that the judgment is affirmed, with costs.

The defendants Bryan Robertson and Robertson Contracting (hereinafter together the Robertson defendants) and the plaintiff entered into an oral agreement, pursuant to which the Robertson defendants were to renovate the plaintiff's real property. Although the Robertson defendants presented the plaintiff with a written contract for execution, the plaintiff never executed it. The plaintiff claims that, after several months, he became dissatisfied with the Robertson defendants' work, and that the Robertson defendants were rarely at the site supervis-

ing the subcontractors. Nevertheless, the plaintiff allowed the work to continue for another year. According to the Robertson defendants, the plaintiff had fallen behind on the agreed-upon payments almost immediately and, after expending their own funds to pay subcontractors, purchase materials, and pay their own employees, the Robertson defendants eventually walked off the job. The Robertson defendants filed a mechanic's lien for the outstanding balance that they claimed was owed to them. The plaintiff commenced this action against them, among others, seeking damages based on theories of breach of contract, breach of fiduciary duty, unjust enrichment, and fraud. The Robertson defendants counterclaimed, alleging breach of contract and seeking to foreclose the mechanic's lien. After a nonjury trial, the Supreme Court dismissed the complaint insofar as asserted against the Robertson defendants, and awarded the Robertson defendants judgment in the principal sum of $555,609.86 on their counterclaim to foreclose the mechanic's lien.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial justice had the advantage of seeing the witnesses (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Steenbuck v State of New York*, 111 AD3d 819 [2013]; *Perriello v State of New York*, 106 AD3d 797 [2013]). Contrary to the plaintiff's contention, our review of the record makes clear that the trial justice did not prejudge him but, rather, properly determined that he lacked credibility. "[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (*Neiss v Fried*, 127 AD3d 1044, 1046 [2015] [internal quotation marks and citations omitted]).

The testimony of the plaintiff's civil engineering expert did not support the causes of action. "The opinion testimony of an expert must be based on facts in the record or personally known to the witness" (*Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520, 521 [2007] [internal quotation marks omitted]). "An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion" (*id.* [internal quotation marks omitted]; *see Cassano v Hagstrom*, 5 NY2d 643 [1959]). Here, the plaintiff's expert testified that his conclusions were based on reports prepared and photographs taken by others, and that he

had not personally observed any of the Robertson defendants' work. The expert's testimony made clear that he did not know which contractor had performed the work that was allegedly substandard and was thus being repaired at the plaintiff's expense, as he first visited the construction site approximately 16 months after the Robertson defendants withdrew from the job. Moreover, the spreadsheet prepared by the plaintiff's expert itemizing the alleged costs of the repairs was rife with inaccuracies, and the expert admitted that this spreadsheet was "flawed."

The trial court's determination that the plaintiff's testimony and other proof were not credible was warranted by the facts. Hence, we agree with the trial court that the plaintiff failed to substantiate his causes of action, and conclude that the complaint was properly dismissed insofar as asserted against the Robertson defendants.

With respect to the Robertson defendants' counterclaim to foreclose the mechanic's lien, we note that the absence of any written agreement between the parties precluded recovery based on a breach of contract cause of action (*see* General Business Law § 771; *Evans-Freke v Showcase Contr. Corp.*, 85 AD3d 961 [2011]). However, the trial court properly found in favor of the Robertson defendants, based on a theory of quantum meruit (*see Douglas Constr. of Fulton County v Marcais*, 239 AD2d 803 [1997]; *E. J. Dayton, Inc. v Brock*, 120 AD2d 560 [1986]; *see also Evans-Freke v Showcase Contr. Corp.*, 85 AD3d at 962). The elements of a cause of action sounding in quantum merit are: (1) the performance of services in good faith, (2) the acceptance of services by the person to whom they are rendered, (3) the expectation of compensation therefor, and (4) the reasonable value of the services rendered (*see Evans-Freke v Showcase Contr. Corp.*, 85 AD3d at 962). Here, the trial court properly determined that the Robertson defendants performed services in good faith, that the plaintiff accepted those services, and that the Robertson defendants expected to be compensated therefor. The court also properly determined that the Robertson defendants provided sufficient evidence of the reasonable value of their services. The unsigned agreement furnished evidence of such value (*see Frank v Feiss*, 266 AD2d 825 [1999]; *Taylor & Jennings v Bellino Bros. Constr. Co.*, 106 AD2d 779 [1984]). In addition, the Robertson defendants presented proposals that they submitted to the plaintiff for payment in connection with additional work that they performed, invoices and proof of payments to subcontractors, and invoices and proof of payments to suppliers of materials and equipment. The fair and reasonable

value of the Robertson defendants' services may be properly based on evidence concerning the amount that they billed the plaintiff for such services, and the amounts that subcontractors billed them for their services and for costs of supplies and equipment (*see Evans-Freke v Showcase Contr. Corp.*, 85 AD3d 961 [2011]; *Brennan Beer Gorman/Architects, LLP v Cappelli Enters., Inc.*, 85 AD3d 482 [2011]; *Paul F. Vitale, Inc. v Parker's Grille, Inc.*, 23 AD3d 1147 [2005]).

Moreover, "[p]roof of damages may be based solely on oral testimony as long as the witness has knowledge of the actual costs" (*Electronic Servs. Intl. v Silvers*, 284 AD2d 367, 368 [2001]). The record demonstrates that the Robertson defendants, who had 20 years of experience in construction and had built over 100 homes, had knowledge of the actual costs of the services being provided (*see Austin v Barber*, 227 AD2d 826 [1996]; *Reed Paving v Glen Ave. Bldrs.*, 148 AD2d 934 [1989]). Therefore, the Robertson defendants' testimony provided further evidence of the reasonable value of the services performed.

The plaintiff's remaining contentions are without merit. Since the trial court's determination was warranted by the facts, it properly awarded the Robertson defendants judgment in the principal sum of $555,609.86 on their counterclaim to foreclose the mechanic's lien. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.