■ F & M GENERAL CONTRACTING, Respondent, v KORAY ONCEL et al., Appellants. [18 NYS3d 678]—

In an action to recover damages for breach of contract, unjust enrichment, in quantum meruit, and on an account stated, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered March 19, 2015, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought to recover damages for breach of contract and in quantum meruit.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought to recover damages for breach of contract, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 2008, the defendants hired the plaintiff to renovate their home located in Manhasset. The plaintiff provided them with a detailed written estimate setting forth a project cost of $526,443.13. After agreeing to complete the project for $475,000, the plaintiff commenced its work. According to the plaintiff, during the course of the project, the defendants requested that the plaintiff perform additional work that was not covered by the original estimate. Although the plaintiff maintains that it completed the project in June 2010, including the additional work, the defendants contend that the plaintiff abandoned the project in December 2009 without completing it. In August 2014, the plaintiff commenced this action against the defendants seeking to recover payment for the additional work. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The Supreme Court, among other things, denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought to recover damages for breach of contract and in quantum meruit. The defendants appeal from that portion of the order.

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*see*, CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "However, when evidentiary material is adduced in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, the court must determine whether the

proponent of the pleading has a cause of action, not whether he or she has stated one and, 'unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate'" (*Vertical Progression, Inc. v Canyon Johnson Urban Funds*, 126 AD3d 784, 786 [2015], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

General Business Law article 36-a is entitled "Home Improvement Contracts" (*see* General Business Law § 770 *et seq.*). General Business Law § 771 provides that all home improvement contracts must be in writing and signed by the parties thereto. Similarly, the Regulations promulgated by the Nassau County Commissioner of Consumer Affairs require that every home improvement agreement, as well as any addenda thereto, be evidenced by a writing signed by all parties (*see* Nassau County Administrative Code §§ 21-11.2, 21-11.7 [4]).

Here, although the plaintiff contends that there was an enforceable contract between the parties, it is undisputed that the parties' agreement was not evidenced by a signed writing. As such, the absence of an enforceable written agreement necessarily precludes recovery based on a breach of contract cause of action (*see* General Business Law § 771; *Johnson v Robertson*, 131 AD3d 670 [2015]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought to recover damages for breach of contract.

The Supreme Court properly denied that branch of the defendants' motion which was to dismiss so much of the complaint as sought to recover damages in quantum meruit. The elements of a cause of action sounding in quantum meruit are (1) the performance of services in good faith, (2) the acceptance of services by the person or persons to whom they are rendered, (3) the expectation of compensation therefor, and (4) the reasonable value of the services rendered (*see Johnson v Robertson*, 131 AD3d 670 [2015]; *Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 222 [2011]; *Evans-Freke v Showcase Contr. Corp.*, 85 AD3d 961, 962 [2011]). Here, the documentary evidence submitted by the defendants in support of this branch of their motion did not establish that a fact alleged by the plaintiff was not a fact at all or that there was no significant dispute regarding it (*cf. Vertical Progression, Inc. v Canyon Johnson Urban Funds*, 126 AD3d at 786-787).

The parties' remaining contentions either are without merit

or have been rendered academic by our determination. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.