OET Bldrs., LLC v Ohuche (2023 NY Slip Op 02526)

OET Bldrs., LLC v Ohuche

2023 NY Slip Op 02526

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-08995
 (Index No. 609293/16)

[*1]OET Builders, LLC, appellant,
v
Elizabeth Ohuche, et al., respondents.

Richard A. Solomon, Esq. LLP (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Elizabeth Ohuche and Michael Ohuche, Newburgh, NY, respondents pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered August 24, 2020. The order, insofar as appealed from, (1) denied that branch of the plaintiff's motion which was, in effect, to reject so much of a report of a Judicial Hearing Officer (Daniel R. Palmieri, J.H.O.) dated January 3, 2020, made after a hearing, as recommended the dismissal of the cause of action alleging tortious interference with contract, and (2) held in abeyance that branch of the plaintiff's motion which was, in effect, to reject so much of the report as recommended the dismissal of the cause of action alleging breach of contract and remitted the matter to the Judicial Hearing Officer for clarification of his findings and conclusions and for further findings regarding that cause of action.
ORDERED that the appeal from so much of the order as held in abeyance that branch of the plaintiff's motion which was, in effect, to reject so much of the report as recommended the dismissal of the cause of action alleging breach of contract and remitted the matter to the Judicial Hearing Officer for clarification of his findings and conclusions and for further findings regarding that cause of action is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Elizabeth Ohuche and Michael Ohuche.
In March 2014, the defendant Elizabeth Ohuche sold certain premises in Manhattan, a multiple dwelling containing single room occupancy units, to the plaintiff corporation, which was owned, in part, by Ron Karo. The plaintiff thereafter commenced this action against Ohuche, among others, seeking, inter alia, to recover damages for breach of contract. The complaint included a cause of action alleging tortious interference with contract, based on Ohuche's alleged act of locking out a tenant from the premises before the plaintiff took possession, resulting in the plaintiff's inability to obtain a certificate of non-disturbance from the New York City Department of Housing Preservation and Development, which allegedly prevented the plaintiff from gaining permission to [*2]make any alterations to the building for three years.
In July 2019, the Supreme Court referred the matter to a Judicial Hearing Officer (hereinafter the JHO) to hear and report. After a hearing, at which Karo testified on behalf of the plaintiff, the JHO recommended, among other things, the dismissal of the causes of action alleging breach of contract and tortious interference with contract. The plaintiff thereafter moved, inter alia, in effect, to reject so much of the report as recommended the dismissal of those causes of action. In an order entered August 24, 2020, the court, among other things, found that, with respect to the tortious interference cause of action, the evidence of damages presented by the plaintiff at the hearing was insufficient, as it consisted solely of "vague and unsupported testimony concerning expenses paid by the plaintiff," and failed to establish the plaintiff's actual losses arising from its alleged inability to rent out rooms in the building for three years due to the building's condition. With respect to the breach of contract cause of action, the court held that branch of the plaintiff's motion in abeyance and remitted the matter to the JHO for clarification of his findings and conclusions and for further findings. The plaintiff appeals.
The appeal from so much of the order as held in abeyance that branch of the plaintiff's motion which was, in effect, to reject so much of the report as recommended the dismissal of the cause of action alleging breach of contract and remitted the matter to the JHO for clarification of his findings and conclusions and for further findings regarding that cause of action must be dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Katz v Katz, 68 AD2d 536, 542-543; Matter of Graphic Arts Mut. Ins. Co. [Bishop], 29 AD2d 646).
The Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, to reject so much of the report as recommended the dismissal of the cause of action alleging tortious interference with contract. Although "[p]roof of damages may be based solely on oral testimony as long as the witness has knowledge of the actual costs" (Johnson v Robertson, 131 AD3d 670, 673 [internal quotation marks omitted]), Karo, who testified on behalf of the plaintiff, failed to show that he had such knowledge. Karo based his calculations on, inter alia, an estimated water bill, an "average" real estate tax, and an unexplained monthly "maintenance" charge, and, thus, the record does not establish that Karo "had knowledge of the actual costs" involved herein (id. at 673; see Brian E. Weiss, D.D.S., P. C. v Miller, 78 NY2d 979, 980-981; Fusco v State Farm Fire & Cas. Co., 57 AD3d 939, 940-941; see also People v Jackson, 168 AD2d 633, 634). Accordingly, the plaintiff did not present sufficient proof of its damages.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court