■ ALUMINUM FAIR, INC., et al., Respondents, v ERNEST ABDELLA, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered August 4, 1981 in Fulton County, upon a decision of the court at Trial Term (Walsh, Jr., J.), without a jury. In this action, plaintiffs seek to recover for the construction and installation of a 16- by 40-foot swimming pool and foundation wall pursuant to an alleged agreement. The project was never finished by plaintiffs and was completed for defendant by others. Defendant has never paid plaintiffs for the work done. The original complaint sought to foreclose a mechanic's lien in the amount of $17,830.07 and contained a second cause of action for breach of contract in the same amount. Defendant denied the allegations of the complaint and alleged in a counterclaim that the contract price for the pool and foundation wall was $12,000 and also that plaintiffs had willfully exaggerated the amount of the lien. Consequently, defendant sought to declare the lien void pursuant to section 39-a of the Lien Law. When the case was originally reached for trial, the court granted plaintiffs' motion to discontinue the cause of action for the foreclosure of the lien but held that the discontinuance would not prejudice defendant's counterclaim alleging willful exaggeration. After trial, the court found that neither party had established that a contract existed for the work, but nevertheless, found for plaintiffs upon the theory of *quantum meruit* in the sum of $10,044.60. The court further found that plaintiffs had willfully exaggerated the lien in the amount of $3,965.70 and reduced plaintiffs' award by that amount. This appeal by the defendant followed. We agree with the court's conclusion that there was no binding agreement for the construction of the pool. While plaintiffs presented a written proposal to defendant, it was never signed by defendant and the parties subsequently orally altered the proposed written agreement by, among other things, increasing the size of the pool and the price to be paid. The record demonstrates that there was never a meeting of the minds on all essential terms and, therefore, no enforceable agreement was created (see *Patrolmen's Benevolent Assn. of City of N. Y. v City of New York,* 27 NY2d 410). Since there was no contract between the parties, the court could properly have found for plaintiffs on the theory of *quantum meruit* where, as here, the record established that plaintiffs did render services, labor and furnish materials under circumstances implying an understanding on the part of both parties that there was an obligation to pay (*Shapira v United Med. Serv.,* 15 NY2d 200). We have considered all other arguments advanced by defendant contending that the court erred in finding for plaintiff on the theory of *quantum meruit* and conclude that they lack merit. Concerning the amount of the award, we are of the view that the findings of the trial court in this regard are not against the weight of the credible evidence nor contrary to law and, therefore, we should not disturb them (see *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). We also reject plaintiffs' contention that the court erred in granting judgment in favor of defendant on the basis of defendant's counterclaim for willful exaggeration. Plaintiffs failed to raise this issue at trial and thus it cannot be raised before this court on appeal (*Matter of Van Wormer v Leversee,* 87 AD2d 942). We have considered the parties' remaining contentions and find them unpersuasive. The judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.