■ WHITEMARSH INDUSTRIES, INC., Doing Business as OSCAR DE LA RENTA INDUSTRIES, Appellant, v SEARS ROEBUCK AND Co., Respondent. [595 NYS2d 763] —Order of the Supreme Court, New York County (Diane Lebedeff, J.), entered on November 21, 1991, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion is denied, and the action is remanded for further proceedings, with costs.

This record presents triable issues of fact including the sufficiency of the confirmatory writing and the timeliness and effect of defendant's letter objecting to the confirmation. The ultimate factual issue is whether an oral contract was formed and confirmed without timely objection.

This action arises out of a meeting held in early November of 1988 between Ira Sadowsky, a representative of plaintiff-appellant Whitemarsh Industries and Frank Holcombe, a representative of defendant-respondent Sears Roebuck and Co. Plaintiff is a manufacturer of apparel marketed under the name "Oscar De La Renta." Defendant had entered into a "Master Agreement" governing the terms of purchasing merchandise from plaintiff for the 1989 season, and had executed similar master agreements in prior years.

Plaintiff alleges that in early November, 1988 Frank Holcombe, acting as defendant's agent, orally agreed to purchase $4,000,000 worth of blouses. On November 29, 1988, plaintiff sent order forms to Mr. Holcombe by fax which are offered as confirmatory writings pursuant to UCC 2-201 (2). The record contains a letter dated December 6, 1988, from Frank Holcombe to Ira Sadowsky, objecting to the confirmatory memo-

randum, which Sadowsky alleges was not received until April of 1989.

The motion court held that the contract must fail because of the absence of a written contract signed by Sears. The court relied upon language in the seller's purchase order requiring the buyer's signature, and its construction of the Master Agreement that a signed writing is required. We disagree.

We hold that the issues surrounding the alleged oral agreement, the confirmatory writing, and the objection thereto, present factual issues inappropriate for summary resolution *(see, Bazak Intl. Corp. v Mast Indus.,* 73 NY2d 113). The Master Agreement contains no express requirement that contracts be in writing. It requires only that "merchandise shall be purchased only pursuant to contracts of purchase entered into by and between the parties."

Plaintiff's purchase order forms, which are relied upon as confirmatory writings, contain a line for the buyer's signature, followed by the language, "must be signed to be valid." The motion court relied on this language for its holding that no contract was formed as a matter of law. We hold that the sufficiency of the purchase order is a question of fact. The contract alleged is oral. The confirmatory writing between merchants need only "afford a basis for believing that they reflect a real transaction between the parties" *(supra,* at 123; UCC 2-201 [2]). Concur—Murphy, P. J., Milonas, Ellerin, Ross and Kassal, JJ.