■ JEFFREY L. ROSENBERG & ASSOCIATES, LLC, et al., Appellants-Respondents, v KADEM CAPITAL MANAGEMENT, INC., et al., Respondents-Appellants, et al., Defendant. [763 NYS2d 541] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered September 17, 2002, awarding defendants-respondents damages in the total amount of $105,436.37, and bringing up for review an order, same court and Justice, dated August 26, 2002, and entered September 19, 2002, which, inter alia, granted plaintiffs' motion for summary judgment dismissing defendants' first and third counterclaims, granted defendants' cross motion for summary judgment on their second counterclaim and denied plaintiffs' motion for leave to amend the complaint to allege causes of action for

promissory estoppel and fraud, unanimously affirmed, without costs. Appeal from the aforesaid order entered September 19, 2002, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court properly granted the Kadem defendants summary judgment on their second counterclaim for unjust enrichment since they paid plaintiffs $90,000 for a benefit, i.e., a transfer of office space, they never received (*see Nakamura v Fujii*, 253 AD2d 387, 390 [1998]).

However, the Kadem defendants' first counterclaim to recover in quantum meruit for expenditures made by them to facilitate plaintiffs' move to and occupancy of a new office space was properly dismissed since plaintiffs never acquired legal possession of the new office space and, consequently, did not benefit from defendants' expenditures (*see Metropolitan Elec. Mfg. Co. v Herbert Constr. Co.*, 183 AD2d 758, 759 [1992]; *cf. Aluminum Fair v Abdella*, 90 AD2d 603 [1982]).

The court also properly dismissed the third counterclaim seeking legal fees since the underlying agreement upon which such claim was based was unenforceable and there was no showing that the provision was severable (*see e.g. Christian v Christian*, 42 NY2d 63, 73 [1977]).

Finally, the court properly denied leave to amend the complaint. Plaintiffs' complaint having been previously dismissed on summary judgment in a prior, unappealed order, there was no basis for a motion for its amendment; there was no complaint left before the court to amend. In any event, even if plaintiffs' motion to amend had been procedurally proper, we would still affirm its denial since the proposed amendments are plainly without merit (*see Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 117 [1998]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Marlow, JJ.