(May 19, 2011)

■ JOHN ANTHONY RUBINO & COMPANY, CPA, P.C., Respondent, v MARK H. SWARTZ, M.D., Appellant. [923 NYS2d 492]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered August 27, 2010, after a nonjury trial, awarding plaintiff the principal sum of $113,187.50 on its causes of action for quantum meruit and unjust enrichment, and bringing up for review an order, same court and Justice, entered August 25, 2010, which, to the extent appealed from as limited by the briefs, found in plaintiff's favor on its causes of action for quantum meruit and unjust enrichment, unanimously affirmed, with costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeals from order, same court and Justice, entered July 16, 2010, which denied plaintiff's motion to, among other things, strike defendant's answer, and order, same court (Joan M. Kenney, J.), entered on or about March 10, 2010, which denied defendant's motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as abandoned.

The record does not establish that, during the telephone conversation that gave rise to the parties' alleged oral contract, the parties used the term "on spec" to describe the arrangement for plaintiff's compensation. Accordingly, contrary to defendant's contention, the court properly declined to interpret the term. The court also properly determined that there was no contract because there was no meeting of the minds with respect to a material term of the contract, namely plaintiff's compensation (*see Gessin Elec. Contrs., Inc. v 95 Wall Assoc., LLC*, 74 AD3d 516, 518-519 [2010]).

The elements of quantum meruit and unjust enrichment were shown (*cf. Snyder v Bronfman*, 13 NY3d 504, 508 [2009]; *Fulbright & Jaworski, LLP v Carucci*, 63 AD3d 487, 488-489 [2009]). The record establishes that plaintiff had a reasonable expectation of payment, and that defendant received a benefit

from plaintiff's services even though defendant's project ultimately failed. Plaintiff's 18-month delay in providing an invoice was insufficient to constitute a waiver of his claims; the instant circumstance involving a relationship between previously unacquainted parties is distinguishable from that in *Umscheid v Simnacher* (106 AD2d 380, 383 [1984]), in which personal services rendered to an old friend were unaccompanied by any bills.

The court's award was reasonable and supported by the record. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Acosta and Manzanet-Daniels, JJ. **[Prior Case History: 28 Misc 3d 1233(A), 2010 NY Slip Op 51585(U).]**