Vioni v. American Capital Strategies, Ltd., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**(Filed Under Seal)**
**(Redacted Version)**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                                 **Chief Judge**,
            JON O. NEWMAN,
            REENA RAGGI,
                                 **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
**LISA VIONI and HEDGE CONNECTION,
INC.,**
          **Plaintiffs-Appellants,**

          **-v.-**                                    **11-4496**

**AMERICAN CAPITAL STRATEGIES, LTD.;
PROVIDENCE INVESTMENT MANAGEMENT,
L.L.C.; PROVIDENCE INVESTMENT
PARTNERS, L.L.C.; and RUSSELL JEFFREY,**
          **Defendants-Appellees,**
- - - - - - - - - - - - - - - - - - - -X

1

| | |
|---|---|
| **FOR APPELLANT:** | Michael Quinn Carey, Carey & Associates LLC, New York, New York. |
| **FOR APPELLEE AMERICAN CAPITAL STRATEGIES, LTD.:** | Stewart D. Aaron, (Erik C. Walsh, on the brief), Arnold & Porter, LLP, New York, New York. |
| **FOR APPELLEES PROVIDENCE INVESTMENT MANAGEMENT, L.L.C.; PROVIDENCE INVESTMENT PARTNERS, L.L.C.; and RUSSELL JEFFREY:** | Neil H. Klausner, (David S. Greenberg, Davis & Gilbert LLP, New York, New York; Gerald C. Maria, John F. Kelleher, Higgins, Cavanaugh & Cooney, LLP, Providence, Rhode Island on the brief), Davis & Gilbert LLP, New York, New York |

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART** and **REVERSED IN PART.**

Lisa Vioni appeals from the judgment of the United States District Court for the Southern District of New York (Crotty, J.), granting summary judgment in favor of defendants-appellees and imposing sanctions on Vioni's attorney, Michael Quinn Carey. Vioni brought this action for breach of contract and quantum meruit to recover a finder's fee she alleges was owed for introducing Russell Jeffrey of Providence Investment Management, L.L.C., and Providence Investment Partners, L.L.C. (collectively "Providence") to Robert Grunewald of American Capital Strategies, Ltd. ("American Capital"). The district court held that Vioni had failed to satisfy New York's statute of frauds. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's grant of summary judgment. Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 763

(2d Cir. 2002).  We review a district court's decision to impose sanctions for abuse of discretion.  <u>Wolters Kluwer Fin. Sevs., Inc. v. Scivantage</u>, 564 F.3d 110, 113 (2d Cir. 2009).

1.  "In order to recover in <u>quantum meruit</u> under New York law, a claimant must establish '(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services.'"  <u>Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.</u>, 418 F.3d 168, 175 (2d Cir. 2005) (quoting <u>Revson v. Cinque & Cinque, P.C.</u>, 221 F.3d 59, 69 (2d Cir. 2000)).  Both parties must understand that the party performing the services has a reasonable expectation of compensation for those services.  <u>See</u> <u>Aluminum Fair, Inc. v. Abdella</u>, 456 N.Y.S.2d 184, 185 (App. Div. 3d Dept. 1982); <u>DiBella v. Hopkins</u>, 187 F. Supp. 2d 192, 201 (S.D.N.Y. 2002).

2.  Under New York's statute of frauds, any "contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase [or] sale . . . of a business opportunity, business, its good will, inventory, fixtures or an interest therein," must be in writing to be enforceable.  N.Y. Gen. Oblig. Law § 5-701(a)(10).  This applies to claims for <u>quantum meruit</u>.  <u>Morris Cohon & Co. v. Russell</u>, 23 N.Y. 2d 569 (1969).  To satisfy the statute of frauds for a claim for <u>quantum meruit</u>, "a sufficient memorandum need only evidence the fact of plaintiff's employment by defendant to render the alleged services."  <u>Id.</u> at 575-76.  The memorandum need not contain an express agreement to pay for the services; the agreement can be found "by reasonable construction and necessary implication."  <u>Id.</u> at 574.  The memorandum may postdate the services. <u>See</u> <u>id.</u> at 574-76.

3.  Vioni's claim against American Capital fails because the only discussions Vioni had with Grunewald about compensation involved potential marketing work for American Capital, work that never materialized.  That part of the district court's opinion granting summary judgment in favor of American Capital is therefore **AFFIRMED**.

3

4. Vioni's claim against Jeffrey and Providence, on the other hand, satisfies the statute of frauds. Writings from March 26, 2007; April 19, 2007; and June 5, 2007 together permit a finding that Jeffrey hired Vioni to introduce him to persons with whom Jeffrey could enter into any mutually beneficial arrangement for his investment business. That part of the district court's opinion granting summary judgment in favor of Jeffrey and Providence is therefore **REVERSED**.

5. The district court did not abuse its discretion in imposing sanctions on Vioni's attorney, Michael Quinn Carey, for taking wasteful depositions. The district court's award was not excessive and was supported by a well-reasoned and thorough accounting of the precise way in which the depositions at issue were frivolous, repetitive, or time-wasting. We therefore **AFFIRM** the district court's decision to impose sanctions.

For the foregoing reasons, we hereby **AFFIRM IN PART** and **REVERSE IN PART** the judgment of the district court. The case is remanded to the district court for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4