■ ENGINEERING AND TECHNICAL RESOURCES, INC., Appellant, v XCEL DEVELOPMENT CORP. et al., Respondents. [32 NYS3d 219]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated January 23, 2014, as, in effect, granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (3) and Business Corporation Law § 1312 (a) and for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, granting those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (3) and Business Corporation Law § 1312 (a) and for summary judgment dismissing so much of the complaint as sought to recover damages based on unjust enrichment and in quantum meruit, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Engineering and Technical Resources, Inc. (hereinafter Entec), a New Jersey corporation, commenced this action alleging that it entered into an agreement to provide engineering services to the defendants in connection with the development of certain real property located in the Town of New Windsor, New York. Entec further alleged that the defendants failed to make payment for its services and asserted causes of action sounding in breach of contract and quasi-contract. The defendants moved, inter alia, to dismiss the

complaint pursuant to CPLR 3211 (a) (3) and Business Corporation Law § 1312 (a), and for summary judgment dismissing the complaint. The Supreme Court concluded that they were entitled to dismissal on each of those grounds and, in effect, granted those branches of the defendants' motion. We modify.

The Supreme Court should have denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3) and Business Corporation Law § 1312 (a). The defendants contended that Business Corporation Law § 1312 (a) barred Entec from maintaining this action because Entec was a foreign corporation doing business in New York without the required authorization. However, the defendants failed to demonstrate that Entec's business activities in New York were so systematic and regular as to manifest continuity of activity in New York (*see Airline Exch. v Bag*, 266 AD2d 414, 415 [1999]; *S & T Bank v Spectrum Cabinet Sales*, 247 AD2d 373, 374 [1998]; *Alicanto, S. A. v Woolverton*, 129 AD2d 601, 602 [1987]). Consequently, the defendants did not overcome the presumption that Entec does business in New Jersey, its state of incorporation, and not in New York (*see* Business Corporation Law § 1312 [a]; *Gemstar Can., Inc. v George A. Fuller Co., Inc.*, 127 AD3d 689, 691 [2015]; *Peak Fin. Partners, Inc. v Brook*, 119 AD3d 539, 539 [2014]).

Contrary to Entec's contentions, the Supreme Court properly, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract. The defendants established their prima facie entitlement to judgment as a matter of law dismissing that cause of action by demonstrating that there was no meeting of the minds regarding material elements of the alleged agreement (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]; *2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp.*, 50 AD3d 1021, 1021-1022 [2008]; *Mainline Elec. Corp. v Pav-Lak Indus., Inc.*, 40 AD3d 939, 939 [2007]; *Miranco Contr., Inc. v Perel*, 29 AD3d 873, 873 [2006]). In opposition, Entec failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the Supreme Court improperly, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based on unjust enrichment and in quantum meruit. The defendants did not establish their prima facie entitlement to judgment as a matter of law dismissing so much

of the complaint as sought to recover damages based on unjust enrichment, as there are triable issues of fact as to whether Entec's services were performed at their behest resulting in their unjust enrichment (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Moezinia v Ashkenazi*, 105 AD3d 920, 922 [2013]). The defendants also failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as sought to recover in quantum meruit, as there are triable issues of fact as to whether Entec performed services with an expectation that it would receive compensation from the defendants (*see Brennan Beer Gorman/Architects, LLP v Cappelli Enters., Inc.*, 85 AD3d 482, 483 [2011]; *Moors v Hall*, 143 AD2d 336, 337-338 [1988]). Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.