15-1925-cv
Vioni v. Providence Investment Management, L.L.C.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand sixteen.

PRESENT: ROBERT D. SACK,
              REENA RAGGI,
              CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

-------------------------------------------------------------------------
LISA VIONI, HEDGE CONNECTION, INC.,
              *Plaintiffs-Appellants*,


              v.                       No. 15-1925-cv


PROVIDENCE INVESTMENT MANAGEMENT, L.L.C., PROVIDENCE INVESTMENT PARTNERS, LLC, RUSSELL JEFFREY,
              *Defendants-Appellees*,


AMERICAN CAPITAL STRATEGIES, LTD.,
              *Defendant.*
-------------------------------------------------------------------------

APPEARING FOR APPELLANTS:      MICHAEL Q. CAREY, Carey & Associates LLC, New York, New York.

APPEARING FOR APPELLEES:      NEIL H. KLAUSNER (David S. Greenberg and Jacob P. Freeman, Davis & Gilbert LLP, New York, New York;

1

Gerald C. DeMaria and John F. Kelleher, Higgins, Cavanagh & Cooney, LLP, Providence, Rhode Island, *on the brief*), Davis & Gilbert LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 22, 2015, is AFFIRMED IN PART, VACATED IN PART, and REMANDED.

Plaintiff Lisa Vioni and her company, Hedge Connection Inc. (collectively, "Vioni"), appeal from an award of summary judgment in favor of defendants Providence Investment Management, LLC, Providence Investment Partners, LLC, and Russell Jeffrey (collectively, "Providence") on Vioni's claim for <u>quantum meruit</u> based on her introduction of Providence as a potential investor to Robert Grunewald of American Capital Strategies, Ltd. ("American Capital"). We review an award of summary judgment <u>de novo</u> and will affirm only if the record, viewed in favor of the non-moving party, shows no genuine issues of material fact and the moving party's entitlement to judgment as a matter of law. <u>See</u> <u>Jackson v. Fed. Express</u>, 766 F.3d 189, 193−94 (2d Cir. 2014). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and to vacate and remand in part.

1.    Law-of-the-Case Doctrine

Vioni submits that the law-of-the-case doctrine precluded Providence from arguing, or the district court from concluding, on remand that her quantum meruit claim failed on the merits as a matter of law.   We disagree.

The law-of-the-case doctrine prevents parties from relitigating on remand "matters expressly decided by the appellate court," or "issues impliedly resolved by the appellate court's mandate."   Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co., 762 F.3d 165, 175 (2d Cir. 2014) (internal quotation marks omitted).   On Vioni's first appeal, this court decided only that she adduced sufficient written evidence in support of her quantum meruit claim against Providence to satisfy New York's statute of frauds.   See Vioni v. Am. Capital Strategies, Ltd., 508 F. App'x 1, 2–3 (2d Cir. 2013) (summary order) (redacted version) (citing N.Y. Gen. Oblig. Law § 5-701(a)(10)).   This court did not decide whether, considering the full record, Vioni had adduced sufficient evidence to raise material issues of fact on her claim.   See Bazak Int'l Corp. v. Mast Indus., Inc., 73 N.Y.2d 113, 118, 538 N.Y.S.2d 503, 505 (1989) (stating that, even where writings surmount statute of frauds defense, plaintiff still has burden of proving all elements of underlying claim).   Indeed, insofar as Providence argued, first in the district court and then on appeal, that summary judgment was warranted on this alternative ground, neither court reached the issue.   See Vioni v. Am. Capital Strategies, Ltd., 508 F. App'x at 1–3; Vioni v. Am. Capital Strategies Ltd., No. 08 Civ. 2950 (PAC), 2011 WL 4444276, at *2–5 (S.D.N.Y. Sept. 26, 2011).   Thus, this court's remand of the case to the district court for further proceedings is

3

correctly understood to include consideration in the first instance of summary judgment on the merits. See Schonfeld v. Hilliard, 218 F.3d 164, 184 (2d Cir. 2000) (explaining that, when district court has not addressed issue, preferred practice is for appellate court to remand issue for consideration by district court in first instance); see also Beason v. United Techs. Corp., 337 F.3d 271, 274 (2d Cir. 2003) ("As a general rule, a federal appellate court does not consider an issue not passed upon below." (internal quotation marks omitted)).

Accordingly, the law of the case did not bar the challenged ruling. See Quern v. Jordan, 440 U.S. 332, 346 n.18 (1979) ("While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." (internal quotation marks omitted)).

2.      Summary Judgment

Vioni argues that, in granting Providence summary judgment, the district court impermissibly decided genuine issues of material fact regarding the expectations element of quantum meruit against her. See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. 2005) (explaining that, under New York law, quantum meruit plaintiff must show (1) good faith performance of services, (2) defendant's acceptance of services, (3) "expectation of compensation therefor," and (4) reasonable value of services (internal quotation marks omitted)); Aluminum Fair, Inc. v. Abdella, 90 A.D.2d 603, 603, 456 N.Y.S.2d 184, 185 (3d Dep't 1982) (explaining that, to prevail on quantum meruit claim, circumstances must imply "understanding on the part

4

of both parties that there was an obligation to pay").

The record presents conflicting evidence on the expectation element, and the evidence unfavorable to Vioni—detailed in the district court's decision—might well cause a factfinder to resolve the issue against her. But when the record is viewed most favorably to Vioni, as it must be on summary judgment, a court cannot reach that conclusion as a matter of law. Evidence favorable to Vioni on the expectation element vis à vis Providence includes a March 26, 2007 email to her from Jeffrey stating his desire for Vioni "to have a comfort and confidence about this whole process, so that if a deal is consummated, you are compensated accordingly." J.A. 563. Then, on April 19, 2007, the day after Vioni introduced Providence and American Capital, she sent Jeffrey an email stating that she wanted to "get a little more specific" as to "how the deal between you and me will work," specifying that "there should be a significant upfront payment for the introduction to AC," with further compensation "tied to the growth of the business going forward." Id. at 764 (emphases added). Jeffrey quickly responded, expressing neither surprise nor objection at the dual compensation but, rather, inviting Vioni to "meet again . . . to iron out more specifics." Id. These exchanges are sufficient to permit an inference of mutual understanding as to an expected finder's fee, thus precluding a summary resolution of the issue in favor of Providence. Indeed, that same day, Vioni asked Grunewald for more information on how the deal between Providence and American Capital would be structured, so that she could formulate her "payment from Russell [Jeffrey] for this acquisition." Id. at 765 (emphasis added).

5

Thereafter in a June 4, 2007 email to Jeffrey, Vioni reiterated her expectation to be paid for the American Capital introduction as "any marketing person in our industry would be compensated for this type of introduction," adding that "perhaps [the] fee would be part of [Providence's] expenses." Id. at 584. The next day, Jeffrey sent Grunewald a document titled "Framework for Combining Providence Investment Management (PIM) into ACAS," in which it was noted that "Lisa Vioni expects payments for the initial introduction." Id. at 616. Thus, while other evidence suggests that Vioni may have expected American Capital to pay her finder's fee, the aforementioned evidence sufficiently indicates her expectation that Providence would pay the fee and Providence's understanding of that expectation to preclude resolution on summary judgment.

In urging otherwise, Providence argues that emails postdating the introduction cannot serve as evidence of the parties' expectations at the time of the introduction. While Vioni must show that the required expectations existed at the time of introduction, Providence cites no New York law holding that this fact cannot be proved through subsequent statements. See generally John Anthony Rubino & Co. v. Swartz, 84 A.D.3d 599, 599, 923 N.Y.S.2d 492, 492 (1st Dep't 2011) (concluding that 18-month delay between performance of service and issuance of invoice did not constitute waiver of quantum meruit claim); Capital Heat, Inc. v. Buchheit, 46 A.D.3d 1419, 1421, 848 N.Y.S.2d 481, 483 (4th Dep't 2007) (considering invoices subsequently issued by plaintiff as evidence of "expectation that it would be paid for its services").

6

Insofar as the district court thought Vioni's attempt to recover a finder's fee from Providence constituted an impermissible amendment to her pleadings, see Vioni v. Providence Inv. Mgmt., No. 08 cv 2950 (PAC), 2015 WL 2399487, at *3 (S.D.N.Y. May 19, 2015); see also Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) (collecting cases recognizing that party "is not entitled to amend its complaint through statements made in motion papers"), that concern is dispelled by her amended complaint. There, Vioni alleged that Jeffrey and Providence owed, among other things, "A Finder's Fee for the introduction of Capital to Jeffrey and Providence." Am. Compl. ¶ 186. Because this allegation was expressly incorporated into Vioni's quantum meruit claim against Providence, see id. ¶ 189, she cannot be said to have used her motion opposition papers to amend her complaint.

Nevertheless, we agree with the district court that Vioni cannot sue in quantum meruit to recover "marketing fees" associated with an American Capital investment into Providence. See Vioni v. Providence Inv. Mgmt., 2015 WL 2399487, at *3. No such investments occurred here; instead of investing in a fund controlled by Providence, American Capital created its own fund and hired Providence employees to help manage it. Cf. J.A. 780 (email in which Vioni recognizes that introduction was "completely separate" from other future dealings); id. at 782 (email in which Vioni distinguishes between marketing and introduction fee). Thus, summary judgment is affirmed with respect to marketing fees.

### 3. Discovery

Vioni faults the district court for denying her discovery as to the structure of the deal between Providence and American Capital.   We review a denial of discovery for abuse of discretion, which we do not identify here.   See In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008) (explaining that district court abuses discretion in limiting discovery only when ruling affects party's "substantial rights" or does not afford "meaningful opportunity" to establish facts necessary to support claim (internal quotation marks omitted)).   The district court afforded the parties a substantial discovery period, and Vioni's request for additional discovery came well after the close of that period.   See Jackson v. Fed. Express, 766 F.3d at 199 (recognizing that when party has ample time to pursue discovery that it now claims is essential, district court has broad discretion to deny further discovery); Trebor Sportswear Co. v. Ltd. Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (observing that "trial court may properly deny further discovery" where party had "fully adequate opportunity for discovery").   Moreover, Vioni's request largely reiterated previously denied discovery demands.   Thus, the district court did not abuse its discretion in denying Vioni additional discovery.

### 4. Conclusion

For the foregoing reasons, we hereby AFFIRM IN PART and VACATE IN PART the district court's May 22, 2015 award of summary judgment to defendants Providence

Investment Management, LLC, Providence Investment Partners, LLC, and Russell

Jeffrey, and REMAND the case for further proceedings consistent with this order.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, Clerk of Court