*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 20, 2016                     522594
_____

MALTA PROPERTIES 1, LLC,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

TOWN OF MALTA,
                    Respondent.
_____


Calendar Date:   September 15, 2016

Before:   Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

_____


        Horigan, Horigan & Lombardo, PC, Amsterdam (James A. Lombardo of counsel), for appellant.

        Thomas W. Peterson, Town Attorney, Round Lake, for respondent.

_____


Aarons, J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.), entered April 22, 2015 in Saratoga County, which, among other things, searched the record and granted partial summary judgment to defendant.

        In 2006, defendant adopted the findings in a generic environmental impact statement (hereinafter GEIS) that was commissioned for the purpose of identifying, among other things, infrastructure and roadway improvements that would be needed as a consequence of anticipated growth and development in the community.  As a means to equitably spread the cost for these capital improvements, the GEIS provided for the assessment of mitigation fees to developers.  The amount of a mitigation fee would be proportionate to the impact that a particular

developmental project would have to an area.  The mitigation fees were placed in a fund from which monies would be used to pay for the capital improvements identified in the GEIS.

Plaintiff, a developer, planned to build a CVS pharmacy at a commercial location.  In February 2009, plaintiff maintains that defendant agreed to waive the mitigation fee to be assessed to plaintiff, which was estimated to be $115,752, and, in exchange, plaintiff would make improvements at the intersection by Route 9 and Kendall's Way – one of the areas identified in the GEIS for improvement.  Plaintiff anticipated that such improvements to the intersection would cost $113,406.  After construction began, however, plaintiff was required to make additional improvements, which resulted in plaintiff having to incur additional costs of $287,684.  Plaintiff subsequently commenced this action to recover only those additional costs, emphasizing that it was not seeking to recover for work contemplated under the original agreement.

Following discovery, defendant moved for summary judgment and plaintiff cross-moved for similar relief.  Supreme Court denied defendant's motion based upon its failure to include a copy of the pleadings as part of its motion.  Supreme Court also denied plaintiff's cross motion but, upon a search of the record of the cross motion, granted defendant partial summary judgment and dismissed the claims for unjust enrichment, quantum meruit and the imposition of an improper tax.  Plaintiff appeals.

We agree with plaintiff that Supreme Court, upon a search of the record, erred in dismissing the unjust enrichment cause of action.  A claim of unjust enrichment requires that the plaintiff establish that the defendant was enriched, the enrichment came at the expense of the plaintiff, and permitting the defendant to retain what the plaintiff seeks to recover contravenes equity and good conscience (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]; Land Man Realty, Inc. v Weichert, Inc., 94 AD3d 1221, 1222-1223 [2012]).  The essential inquiry is "whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972], cert denied 414 US 829 [1973]).

The record discloses triable issues of fact as to whether the additional work performed by plaintiff, which led to the increased costs, came at defendant's direction.  There is no dispute that some of the additional work requirements, such as intersections that complied with the Americans with Disabilities Act and poles that could support required traffic signal heads, were imposed by the Department of Transportation (hereinafter DOT).  The testimony and documentary evidence, however, reveal that other additional requirements, such as changes to the minimum turning radius and pedestrian amenities at the intersection, extending a water line extension and obtaining a cross-access easement, may have derived from defendant's behest (see Engineering & Tech. Resources, Inc. v Xcel Dev. Corp., 139 AD3d 661, 662-663 [2016]).  Furthermore, until plaintiff completed all of the additional requirements, including those imposed by DOT, defendant would not issue a certificate of occupancy.  Because a question of fact exists regarding whether defendant or DOT required plaintiff to construct improvements that went above and beyond what was originally envisioned in February 2009, Supreme Court should not have dismissed the unjust enrichment claim (see Branch Servs., Inc. v Cooper, 102 AD3d 645, 647-648 [2013]).

We similarly conclude that Supreme Court should not have dismissed the quantum meruit cause of action.  "To prevail on that cause of action, a party must prove (1) performance of services in good faith, (2) acceptance of the services by the person for whom they were rendered, (3) an expectation of compensation, and (4) the reasonable value of the services performed" (Precision Founds. v Ives, 4 AD3d 589, 591 [2004] [internal quotation marks and citation omitted]).  A question of fact exists as to whether plaintiff expected to be compensated from the GEIS funds for the additional improvements to the intersection that were requested or required by defendant.  Contrary to defendant's assertion, the fact that plaintiff waited until after the completion of these additional improvements to seek reimbursement does not defeat its claim under a quantum meruit theory (see John Anthony Rubino & Co., CPA, P.C. v Swartz,

84 AD3d 599, 600 [2011]).[1]

     We disagree, however, with plaintiff that the additional costs it incurred amounted to an improper tax and, thus, we find no error in Supreme Court's dismissal of the cause of action alleging the imposition of an improper tax (see generally Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d 158, 162 [1976]).

     Peters, P.J., Egan Jr., Lynch and Rose, JJ., concur.

     ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant partial summary judgment dismissing the unjust enrichment and quantum meruit causes of action, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

     [1] Defendant's contention that plaintiff's unjust enrichment and quantum meruit causes of action should be dismissed as duplicitous of the breach of contract cause of action is raised for the first time on appeal and, thus, unpreserved for review (see Van Etten Oil Co., Inc. v Aero Star Petroleum, Inc., 131 AD3d 740, 742 [2015]).