Guangzhou Sanhua Plastic Co., Ltd. v Fine Line Prods. Corp. (2018 NY Slip Op 06887)





Guangzhou Sanhua Plastic Co., Ltd. v Fine Line Prods. Corp.


2018 NY Slip Op 06887


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-05612
2015-06972
 (Index No. 605381/14)

[*1]Guangzhou Sanhua Plastic Co., Ltd., etc., appellant,
v
Fine Line Products Corp., respondent.


Raimond & Wong LLC, New York, NY (Allan Wong of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered June 8, 2015, and (2) a judgment of the same court entered July 6, 2015. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for leave to amend the complaint. The judgment, upon the order, dismissed the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied, the complaint is reinstated, the plaintiff's cross motion for leave to amend the complaint is granted, and the order entered June 8, 2015, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered June 8, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff, a Chinese corporation, commenced this action alleging breach of contract and unjust enrichment against the defendant, a New York corporation. The plaintiff alleged that it had an agreement with the defendant whereby the defendant would order certain merchandise from the plaintiff, and make payment to the plaintiff, and the plaintiff would deliver that merchandise to Target, the defendant's client. The plaintiff further alleged that, despite the plaintiff having delivered that merchandise to Target, the defendant failed to pay the plaintiff the full amount due under the agreement. The defendant moved, inter alia, for summary judgment dismissing the complaint, asserting that there was no such agreement between it and the plaintiff. In support of its motion, the defendant submitted a copy of a contract it had entered into with nonparty Taylor Wood, Co., Ltd. (hereinafter Taylor), whereby the defendant would purchase the merchandise at issue from [*2]Taylor for sale to Target. The defendant argued that dismissal of the complaint was warranted because there was no privity of contract between the plaintiff and the defendant. The plaintiff cross-moved for leave to amend the complaint to add Taylor as an additional plaintiff and additional allegations regarding the defendant's agreement with it. The plaintiff also opposed the defendant's motion and submitted certain purchase orders for the merchandise at issue that it contends were issued by the defendant to the plaintiff and signed by a representative of the defendant. The Supreme Court awarded the defendant summary judgment dismissing the complaint and denied the plaintiff's cross motion. The plaintiff appeals from the order, and a judgment issued upon the order.
A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any triable issues of fact (see Rosenblatt v St. George Health & Racquetball Assoc. LLC, 119 AD3d 45, 50; see also Alvarez v Prospect Hosp, 68 NY2d 320, 324).
The defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint on the basis that the plaintiff lacks capacity to sue, pursuant to Business Corporation Law § 1312, as it did not show that the plaintiff's business activities in New York are so systematic and regular as to manifest continuity of activity in New York, such that the plaintiff would be required to have a certificate of authority from the New York Secretary of State to commence an action in New York courts (see Engineering & Tech. Resources, Inc. v Xcel Dev. Corp., 139 AD3d 661, 662; Gemstar Can. Inc. v George A. Fuller Co., Inc., 127 AD3d 689, 691). Since the defendant failed to make a prima facie showing of its entitlement to summary judgment on this basis, we need not examine the sufficiency of the plaintiff's opposing papers on this issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action on the ground that it lacked privity with the plaintiff through its submission of the contract it had with Taylor for the merchandise at issue (see Perfetto v CEA Engrs., P.C., 114 AD3d 835, 836; Mendelsoln v Ferber, 73 AD3d 1139, 1140). The plaintiff, however, raised a triable issue of fact as to whether there is privity between it and the defendant through the signed purchase orders for the subject merchandise issued to it by the defendant, which the plaintiff submitted in opposition (see Whitemarsh Indus. v Sears Roebuck & Co., 192 AD2d 331, 332; see also Bazak Intl. Corp. v Mast Indus., Inc., 73 NY2d 113, 124). Thus, that branch of the defendant's motion should have been denied.
The defendant also failed to make a prima facie showing of its entitlement to judgment as a matter of law dismissing the unjust enrichment cause of action, which alleges that the defendant received payment from Target for the merchandise delivered by the plaintiff (see Engineering & Tech. Resources, Inc. v Xcel Dev. Corp., 139 AD3d at 662-663). Therefore, that branch of the defendant's motion also should have been denied, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The plaintiff's cross motion for leave to amend the complaint should have been granted. The proposed amendments to add Taylor as a plaintiff in connection with the breach of contract cause of action against the defendant, and to add allegations that the defendant issued signed purchase orders to the plaintiff for the merchandise at issue, should have been permitted, since these amendments did not result in surprise or prejudice to the defendant, nor were they palpably insufficient or patently devoid of merit (see CPLR 3025[b]; United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; Carroll v Motola, 109 AD3d 629, 630).
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court