<partyblock>

Ricciardi & Son, Inc., Respondent,

against

Jay Adoni, Appellant.

Jay Adoni, appellant pro se.

Ricciardi & Son, Inc., respondent pro se.

Appeal from a judgment of the District Court of Nassau County, Fourth District (Joseph B. Girardi, J.), entered April 28, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,922.02.

ORDERED that the judgment is affirmed, without costs.

Plaintiff commenced this commercial claims action to recover the principal sum of $2,922.02 for snow removal services it had provided to defendant. At a nonjury trial, the president of plaintiff testified that plaintiff had performed snow removal services at defendant's house during 2013 and 2014. The president and an office manager of plaintiff each testified that they had subsequently attempted to contact defendant for unpaid bills. Plaintiff submitted into evidence the unpaid invoices for services rendered and a letter from plaintiff's president to defendant, in which the president averred that defendant's payments were "long" overdue. Following the trial, the District Court awarded plaintiff the principal sum of $2,922.02. Defendant appeals, contending, among other things, that plaintiff failed to provide a signed written contract showing that the parties had reached an agreement that plaintiff would provide snow removal services to defendant during 2013 and 2014. Moreover, defendant asserts that, while plaintiff had rendered snow removal services for defendant in previous years, he had expressly indicated to plaintiff that its services were no longer needed.

Appellate review in a commercial claims action is limited to determining whether [*2]"substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584, 584 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as the trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564, 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference to a trial court's credibility determinations applies with even greater force to judgments rendered in the Commercial Claims Part of the court, given the limited standard of review (see Williams v Roper, 269 AD2d 125, 126 [2000]).

Whether an implied contract to pay for services exists is a question of fact, which turns on the trial court's credibility determinations of the respective witnesses (see Shapira v United Med. Serv., 15 NY2d 200, 210 [1965]; Moors v Hall, 143 AD2d 336, 338 [1988]; JP Plumbing Corp. v Byrne, 38 Misc 3d 135[A], 2013 NY Slip Op 50073[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, the testimony of plaintiff's witnesses, coupled with the submission of the unpaid invoices for services rendered and the letter indicating that defendant's payments were "long" overdue, sufficiently support a finding that plaintiff performed services and expected to be paid for the services. Moreover, defendant, while claiming that plaintiff did not provide any services to him during the period at issue, did acknowledge that he did not know for certain whether services had actually been provided because he had been absent from his house during that period. With respect to defendant's acceptance of plaintiff's services, the office manager's testimony that someone inside defendant's house had unlocked the gate for the workers to gain access to defendant's property
indicates that defendant consented to receive the services from plaintiff. Defendant's allegations to the contrary were not sufficiently supported by the evidence, and the District Court could reasonably discredit those allegations. Under these circumstances, we find that it may be inferred from the rendition and acceptance of services that an implied contract existed whereby defendant was required to pay plaintiff for the reasonable value of plaintiff's services (see Aluminum Fair v Abdella, 90 AD2d 603, 603 [1982]; JP Plumbing Corp. v Byrne, 38 Misc 3d 135[A], 2013 NY Slip Op 50073[U]; Mount Vernon Hosp. v Brennan, 21 Misc 3d 140[A], 2008 NY Slip Op 52358[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).

We note that defendant does not challenge the reasonableness of the amounts charged by plaintiff for its services, and, in any event, plaintiff established that the charges for the services rendered were reasonable, as the charges were comparable to those already paid by defendant. Consequently, the judgment in favor of plaintiff rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804-A, 1807-A).

Accordingly, the judgment is affirmed.

GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 29, 2018

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>