| |
|---|
| **Kirschenbaum v De Baets** |
| 2024 NY Slip Op 30581(U) |
| February 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653287/2019 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------X

JASON KIRSCHENBAUM,

Plaintiff,

- v -

STEPHANE DE BAETS, THOSAPONG JURUTHAVEE,
ELEVATED RETURNS, LLC,315 EAST DEAN
ASSOCIATES, INC.,ASPEN DIGITAL, INC.,ER MERRY
WAY LP, ER GLOBAL, LLC,JOHN DOES 1-10,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653287/2019 |
| **MOTION DATE** | 11/29/2023 |
| **MOTION SEQ. NO.** | 009 |

**DECISION + ORDER ON
MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 236, 237, 238, 239,
240, 241, 242, 243, 244, 245, 246

were read on this motion to/for           AMEND CAPTION/PLEADINGS        .

Upon the foregoing documents, Plaintiff's motion for leave to amend or in the alternative for

reargument/renewal is denied.

This case was first filed in 2019, and Mr. Kirschenbaum's theory of the case has gone through a

number of different iterations and pleadings. By decision and order dated October 16, 2020, the

Court dismissed all of Plaintiff's claims except one, his claim sounding in unjust enrichment

(NYSCEF Doc. No. 68). After discovery, by decision and order dated October 30, 2023, the

Court granted the Defendant's motion seeking summary judgment and dismissal of the claim for

unjust enrichment (NYSCEF Doc. No. 228). Thus, this case has been disposed and there is no

complaint left to amend (*Jeffrey L. Rosenberg & Assocs., LLC. v. Kadem Cap. Mgmt., Inc.*, 306

A.D.2d 155, 156 [1st Dept 2003] ["Plaintiffs' complaint having been previously dismissed on

**653287/2019 KIRSCHENBAUM, JASON vs. DE BAETS, STEPHANE**
**Motion No. 009**

**Page 1 of 4**

summary judgment in a prior, unappealed order, there was no basis for a motion for its amendment; there was no complaint left before the court to amend."]).

Plaintiff's request in the alternative for reargument is also denied. A motion to reargue must be based upon matters of law or fact allegedly overlooked or misapprehended by the court in determining the prior motion (CPLR 2221[d]; *Pezhman v Chanel, Inc.*, 126 AD3d 497, 497 [1st Dept 2015]). Plaintiff fails to point to any matter of law or fact this Court overlooked or misapprehended. Plaintiff argues that the existence of several contracts governing the transactions he entered into with Defendants presents an issue of fact warranting reargument and denial of Defendant's motion for summary judgment. But the Court knew of and expressly relied on the existence of these contracts in granting the Defendant's motion seeking summary judgment. Discovery has revealed that the parties' relationships were governed by specific agreements and that there are no issues of fact that these agreements were not violated and that the Plaintiff is not otherwise entitled to relief based on a claim for unjust enrichment. As discussed in the October 20, 2020 decision and order, Plaintiff's investment in the ASPEN REIT was governed by a March 22, 2016 Letter Agreement, under which Plaintiff would have been compensated with 50% of any advisory fee paid to the advisory company, and 25% equity in the advisory company, upon a successful listing of the REIT on NASDAQ, which never occurred (NYSCEF Doc. No. 68 at 17). Following this, Plaintiff was compensated as a W-2 employee (NYSCEF Doc. No. 166). As discussed in the October 30, 2023 decision and order, Plaintiff's claims relating to the $1.36 million investment in Aspen Coin and an alleged one-third interest in a $1 million investment in Securitize were also governed by contract, namely an October 2, 2018 Purchase Agreement and a November 2, 2018 Stock Purchase Agreement, respectively

**653287/2019  KIRSCHENBAUM, JASON vs. DE BAETS, STEPHANE**
**Motion No.  009**

**Page 2 of 4**

2 of 4

[* 2]

(NYSCEF Doc. No. 228 at 5-6). This Court found Plaintiff did not produce any evidence indicating he is entitled to payment from Defendants pursuant to these latter two contracts sufficient to raise an issue of triable fact. In particular, the Court found Plaintiff failed to adduce any evidence in support of his allegation as to any possessory interest in the funds invested in Securitize (NYSCEF Doc. No. 228 at 2-3) that raised a triable issue of fact. Plaintiff fails to point to any evidence indicating Plaintiff was due such a payment that the Court did not consider or misapprehended.

For the avoidance of doubt, the Court notes that Plaintiff's proposed breach of contract claim alleging Defendants owe Plaintiff $1.36 million, apparently pursuant to his investment in Aspen Coin, would nevertheless be unavailing, because Plaintiff's proposed Third Amended Complaint (NYSCEF Doc. No. 243) fails to allege Defendants committed any specific breach of the October 2, 2018 Purchase Agreement, or that Defendants have any control or custody over these funds. As to Plaintiff's claim to the one-third portion of an alleged $1 million fee paid out to Defendants, Plaintiff's proposed Third Amended Complaint sues for these funds on the basis of fraud, not breach of contract (NYSCEF Doc. No. 243, ¶¶ 85-91). The Court dismissed this same fraud claim in its October 16, 2020 decision and order, and denied Plaintiff leave to amend to renew this claim post-discovery in its October 30, 2023 decision and order, finding the claim still subject to the same infirmities that warranted its dismissal. Plaintiff has made no effort to fix these infirmities pursuant to this motion. To the extent Plaintiff seeks leave to amend to bring a breach of contract claim on the purported one-third fee (and it is not clear he does), this too fails because Plaintiff has not produced evidence showing he is even a party to the November 2, 2018 Stock Purchase Agreement or that he contributed any funds to Defendants' investment in

**653287/2019  KIRSCHENBAUM, JASON vs. DE BAETS, STEPHANE**
**Motion No.  009**

**Page 3 of 4**

3 of 4

Securitize under that Agreement such that he is entitled to any payment pursuant to that Agreement. Thus, this Agreement does not provide Plaintiff and ground for relief and such a claim is palpably insufficient as a matter of law and it does not matter that monies invested in Securitize were returned.

Plaintiff indicated at oral argument (2.20.24) that the Court should exercise its discretion to consider the instant motion for reargument as one for renewal. Pursuant to CPLR 2221(e)(2), a motion for leave to renew must be based on new facts not offered on the prior motion that would change the prior determination, or on a demonstration that there has been a change in the law that would change the prior determination. The Plaintiff fails to point to any new facts or change in the law that would change this Court's prior ruling. Thus, the motion is denied.

20240222164437AB0RR0K11AE711E63FB46E18317270A00BB9B91

| | |
|---|---|
| **2/22/2024** | |
| **DATE** | **ANDREW BORROK, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | X | DENIED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653287/2019  KIRSCHENBAUM, JASON vs. DE BAETS, STEPHANE**
**Motion No.  009**

Page 4 of 4

4 of 4