Mejia v 770 Broadway Owner, LLC (2025 NY Slip Op 00401)

Mejia v 770 Broadway Owner, LLC

2025 NY Slip Op 00401

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 160479/16, 595346/17 Appeal No. 3583 Case No. 2023-03422 

[*1]Pedro Mejia, Plaintiff-Appellant-Respondent,
v
770 Broadway Owner, LLC, et al., Defendants-Respondents, Avalanche Construction Group, Inc, Defendant, New M&M Group Inc., Defendant-Respondent-Appellant.

Lhotse Corp., Third-Party Plaintiff-Respondent,
v
Rock Group NY Corp., Third-Party Defendant-Respondent.

Rock Group NY Corp., Second Third-Party Plaintiff-Respondent,
v
New M&M Group Inc., Second Third-Party Defendant- Respondent-Appellant, RB NY Enterprises, Inc., Second Third-Party Defendant- Respondent.

William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for appellant-respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn (Andrew D. Showers of counsel), for respondent-appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains (Nicholas R. Napoli of counsel), for 770 Broadway Owner, respondent.
Gallo Vitucci Klar LLP, New York (Sean Hutchinson of counsel), for Lhotse Corp. and Lhotse Contracting Corp., respondents.
Callahan & Fusco, LLP, New York (Scott A. Korenbaum of counsel), for RB NY Enterprises, Inc., respondent.
Kahana Feld, LLP, New York (Sarah Pavlini of counsel), for Rock Group NY Corp., respondent.

Order, Supreme Court, New York County (Francis A. Kahn, J.), entered June 21, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, granted the motions of defendants 770 Broadway Owner, LLC (Broadway Owner), Lhotse Contracting Corp. and Lhotse Corp. (collectively Lhotse), New M&M Group, Inc. (M&M), and RB NY Enterprises, Inc., for summary judgment dismissing the Labor Law § 240(1) claim, denied M&M's motion for summary judgment dismissing all claims against it, and granted RB's motion for summary judgment dismissing M&M's cross-claims for common-law indemnity and contribution against it, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim against Broadway Owner and Lhotse, grant M&M's motion for summary judgment dismissing all claims and cross-claims against it, and otherwise affirmed, without costs.
Plaintiff's accident, in which he was struck by a 16-foot-long scaffold pipe that had been left unsecured on its end, is encompassed by Labor Law § 240(1) (see Ruiz v Phipps Houses, 216 AD3d 522 [1st Dept 2023]; Douglas v Tishman Constr. Corp., 205 AD3d 570, 571 [1st Dept 2022]; Diaz v HHC TS Reit LLC, 193 AD3d 640, 641 [1st Dept 2021]). The weight of the pipe and its descent were not de minimis, nor are there any issues of proximate cause or credibility that would preclude summary judgment on that claim in favor of plaintiff and against Broadway Owner and Lhotse as the owner and general contractor at the construction project.
Regarding defendant M&M, there is no admissible or credible evidence placing it at the project so as to impart liability, whether common-law, statutory, or contractual. Third-party defendant Rock Group NY Corp.'s principal's unsupported belief that it had subcontracted work to M&M, and that one of M&M's unnamed employees must have left the pipe at that location, is insufficient. Rock Group failed to proffer any witness testimony placing M&M at the project, nor did it submit any documentary evidence such as invoicing or payment for that work. The purported purchase order that Rock Group claims triggered the master contract between it and M&M, aside from the fact that M&M's principal denies having executed it, does not satisfy the requirements of the master contract, having no dates, scope of work, project description, price, or location
other than "in New York City" (see generally Whitemarsh Indus. v Sears Roebuck & Co., 192 AD2d 331 [1st Dept 1993]). Accordingly, M&M is entitled to summary dismissal of all claims against it. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025